Not for Publication in West's Federal Reporter

# United States Court of Appeals
## For the First Circuit

No. 12-1469

UNITED STATES OF AMERICA,

Appellee,

v.

DWAYNE M. TAYLOR,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

[Hon. John J. McConnell, Jr., U.S. District Judge]

Before

Lynch, Chief Judge,
Stahl and Howard, Circuit Judges.

J. Martin Richey, Federal Defender Office, on brief for appellant.
Donald C. Lockhart, Assistant United States Attorney, and Peter F. Neronha, United States Attorney, on brief for appellee.

November 4, 2013

**Per Curiam**.  Dwayne M. Taylor appeals his ten-year prison sentence for being a felon in possession of a firearm.  Because his sentence was not substantively unreasonable, we affirm.

On October 23, 2011, police received a report that four men, carrying firearms and masks, were traveling in a Chevy SUV.[1] Officers attempted to stop a vehicle matching the description given.  The vehicle initially came to a stop but sped away as officers approached; it was eventually pulled over after being pursued by approximately ten police vehicles.  Taylor, who was sitting in the rear driver's side seat, exited the vehicle; as he did so, he removed a firearm from his waistband and discarded it onto the vehicle's floor.  When Taylor attempted to flee, an officer gave chase and, after a struggle, apprehended Taylor. Officers retrieved a Sig Sauer nine-millimeter semi-automatic pistol, loaded with twelve live rounds of ammunition, from the area where Taylor had discarded the firearm.  Officers also seized a mask and five pairs of plastic gloves from the vehicle, and an additional pair of plastic gloves from Taylor's pocket.

A federal grand jury returned a one-count indictment charging Taylor with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  On January 19,

---

[1] Because this appeal stems from a conviction via a guilty plea, we draw the following facts from the plea colloquy and sentencing materials.  See United States v. Whitlow, 714 F.3d 41, 42 (1st Cir. 2013).

2012, Taylor pleaded guilty without a plea agreement. The probation department prepared a presentence report ("PSR") that determined that Taylor's total offense level was 17 and criminal history category was VI, yielding a sentencing guidelines range of 51 to 63 months. Both the probation department and the district court rejected the government's request for a two-level increase for reckless endangerment during flight under U.S.S.G. § 3C1.2. The district court adopted the PSR's calculations.

The government urged an upward variance to the statutory maximum ten-year sentence, to which the district court ultimately agreed. In justifying the variance, the court relied primarily on three sentencing considerations: (1) the severe and dangerous nature of the instant offense and the impact of firearm offenses on public safety; (2) Taylor's consistent pattern of criminal involvement, including several violent offenses;[2] and (3) the apparent inefficacy of his prior sentences. The court also took

---

[2] As a juvenile, Taylor was adjudicated delinquent first for robbery and subsequently for escaping from the facility to which he had been sentenced. His adult convictions include misdemeanor assault (after which he violated the terms of his probation), manufacture and delivery of marijuana and cocaine, two misdemeanor domestic assault offenses, two willful trespassing offenses, three offenses of driving either without a license or with an expired license, obstructing police (after which he violated the terms of his suspended sentence), and a prior federal conviction for being a felon in possession of a firearm. For this last offense, he received a forty-month sentence and, after violating the terms of his supervised release, an additional twenty-two month sentence; Taylor committed the instant offense five months after release from this sentence.

note of Taylor's difficult childhood.[3]  After considering these factors, the court noted that it would impose a sentence above the statutory maximum if it could.  The district court then stated that, with that limitation, the only way to keep the public safe from Taylor, and to keep Taylor himself safe, was to impose the statutory maximum sentence.  This appeal followed.

Taylor argues that his sentence was substantively unreasonable because the magnitude of the variance  -- all the way to the statutory maximum, nearly two times the top of the sentencing guidelines range -- was disproportionate to the offense and to his history and characteristics.  This court reviews the district court's fact-finding for clear error, United States v. Walker, 665 F.3d 212, 233 (1st Cir. 2011), and the substantive reasonableness of the resulting sentence for abuse of discretion, "tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range," United States v. Prosperi, 686 F.3d 32, 42 (1st Cir. 2012) (quoting Gall v. United States, 552 U.S. 38, 51 (2007)) (internal quotation mark omitted).  When the sentence is outside of the guidelines range, the "reasons for deviation should typically be rooted either in the

---

[3] According to the PSR, his childhood was marked by drug or alcohol abuse by each parent, his mother's death when he was twelve or thirteen years old and his father's death sixteen years later, multiple separations from his family and sixteen different residential placements between the ages of three and fourteen, and various problems with his mental and emotional health.

nature and circumstances of the offense or the characteristics of the offender; must add up to a plausible rationale; and must justify a variance of the magnitude in question." United States v. Martin, 520 F.3d 87, 91 (1st Cir. 2008). A sentence will generally be found substantively reasonable if "the court has provided a plausible explanation, and the overall result is defensible." United States v. Innarelli, 524 F.3d 286, 292 (1st Cir. 2008).

Upon review of the record, we cannot say that the sentence and reasons provided for it fall afoul of these rules. A sentencing court may properly consider all of the factors upon which the district court relied, see 18 U.S.C. § 3553(a); United States v. Flores-Machiote, 706 F.3d 16, 22–23 (1st Cir. 2013) (sentencing judge may consider community-based factors, such as the incidence of particular crimes, as relevant to general deterrence), and the sentence, while undoubtedly severe, was individually calibrated to Taylor's offense and history.

Taylor argues that the district court misapprehended the violence inherent in the instant and prior offenses, and that, understood properly, these characteristics do not take this case out of the mine-run of felon-in-possession cases contemplated by the sentencing guidelines. However, the district court thoroughly and convincingly explained how this case was distinguishable from the "typical" felon-in-possession case for which the guidelines range accurately captures the warranted sentence. J.A. 89:14–90:8,

91:10-23, 95:21-96:3, 96:21-98:8. The variance was "rooted . . . in the nature and circumstances of the offense [and] the characteristics of the offender," Martin, 520 F.3d at 91; it was based upon "a plausible explanation[;] and the overall result [was] defensible," Innarelli, 524 F.3d at 292.

Taylor also claims that the district court improperly relied upon rank speculation that he and his compatriots were about to commit some unspecified separate crime. He directs us to United States v. Van, ___ F. App'x ___, 2013 WL 5539617, at *4-5 (6th Cir. Oct. 8, 2013) (unpublished), in which the Sixth Circuit held that an above-guidelines sentence was substantively unreasonable when it was based upon suspicion, lacking record support, that the charged offense was part of an undisclosed larger scheme. Here, the sentencing transcript reflects that it was the government, not the court, that advanced this theory as a rationale for a variance to the statutory maximum. Although the court noted that there was evidence that the four men were about to perpetrate a crime, J.A. 87:7-24, in the court's statement of sentencing reasons, it did not appear to rely in any particular way on this speculation,[4] J.A. 89:12-90:21, 91:10-23, 95:21-98:11. Taylor's argument is, therefore, without merit.

For the foregoing reasons, we affirm Taylor's sentence.

---

[4] We also note that, unlike in Van, there was record evidence in support of this theory.