**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4926**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DYMON LAQUINN BLACK,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Dever III, Chief District Judge. (7:12-cr-00009-D-1)

Submitted: July 31, 2014          Decided: August 15, 2014

Before TRAXLER, Chief Judge, and NIEMEYER and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Shailika K. Shah, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dymon Black appeals from his 114-month sentence imposed after he pled guilty pursuant to a plea agreement to one count each of possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) (2012); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2012) ("firearm conviction"). Black's sole argument on appeal is that the district court imposed a substantively unreasonable sentence on his firearm conviction because the district court "nearly doubl[ed]" his Guidelines range for that conviction. We affirm the district court's judgment.

Upon review of the parties' briefs and the record, we conclude that the 108-month sentence on the firearm conviction, which represents a forty-eight-month upward variance from the advisory Guidelines range for that conviction, is not substantively unreasonable. When a district court has imposed a variant sentence, we consider the reasonableness of imposing a variance and the extent of the variance. United States v. Tucker, 473 F.3d 556, 561 (4th Cir. 2007). A greater variance requires more substantial justification. United States v. Diosdado-Star, 630 F.3d 359, 366 (4th Cir. 2011). "Generally, if the reasons justifying the variance are tied to [18 U.S.C.] § 3553(a) [(2012)] and are plausible, the sentence will be

deemed reasonable." Tucker, 473 F.3d at 561 (internal quotation marks and citation omitted). We conclude that the district court adequately explained Black's sentence and appropriately tied its rationale for the variant sentence to the § 3553(a) factors it deemed relevant. Thus, we find that the 108-month sentence imposed on Black's firearm conviction is reasonable.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED