# United States Court of Appeals
## For the First Circuit

No. 11-2076

UNITED STATES OF AMERICA,

Appellee,

v.

HERNARDO MEDINA-VILLEGAS,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan Pérez-Giménez, U.S. District Judge]

Before

Boudin, Selya and Lipez,
Circuit Judges.

Michael C. Bourbeau and Bourbeau & Bonilla, LLP on brief for appellant.
Rosa Emilia Rodriguez-Velez, United States Attorney, Nelson Pérez-Sosa, Assistant United States Attorney, Chief, Appellate Division, and Luke Cass, Assistant United States Attorney, on brief for appellee.

November 27, 2012

**SELYA**, **Circuit Judge**. A jury convicted defendant-appellant Hernardo Medina-Villegas on nine counts growing out of a conspiracy to commit armed robbery and the unlawful killing of a guard during the robbery. In an earlier multi-defendant appeal, we affirmed the appellant's convictions and sentences on eight of the nine counts. See United States v. Catalán-Roman, 585 F.3d 453, 475 (1st Cir. 2009). As to the remaining count, however, we affirmed the appellant's conviction but vacated his sentence in order to afford him an opportunity to allocute. See id. At resentencing on that count, the district court heard the appellant's allocution and proceeded to reinstate the original sentence of life imprisonment without the possibility of release.

The appellant again repairs to this court claiming that the reimposed sentence is both procedurally and substantively unreasonable. In addition, he attempts to raise a double jeopardy claim that the district court declined to address on remand. After careful consideration, we affirm.

Our earlier opinion contains an exegetic discussion of the background facts, the charges lodged against the appellant, and the travel of the case, see id. at 457-60, and we assume the reader's familiarity with that account. For present purposes, a sketch suffices.

A federal grand jury sitting in the District of Puerto Rico indicted the appellant and others on charges arising out of

the robbery of an armored truck and the killing of a guard.  After a trial, the jury convicted the appellant on nine counts.  The counts pertinent to this appeal are counts eight and nine.  Count eight charges the appellant with aiding and abetting the use and discharge of firearms during and in relation to a crime of violence death resulting.  See 18 U.S.C. §§ 2, 924(j).  Count nine charges the appellant with aiding and abetting the use and discharge of firearms during and in relation to a crime of violence.  See id. §§ 2, 924(c)(1)(A)(iii).  At the time of the original disposition, the district court sentenced the appellant, inter alia, to life imprisonment without the possibility of release (count eight) and a consecutive term of thirty years' imprisonment (count nine).

On his first appeal, the appellant advanced a broad array of claims.  With respect to count eight, he argued (among other things) that the district court had not afforded him an opportunity to allocute.  We found merit in this claim, vacated the sentence on count eight, and remanded to give the appellant a concinnous opportunity to allocute.  See Catalán-Roman, 585 F.3d at 475.

At the resentencing hearing, the appellant asked the district court to entertain a double jeopardy argument addressed to count nine.  The court, apparently deeming such an issue to be beyond the scope of the remand, declined to adjudicate it.  It then heard the appellant's allocution on count eight and reinstated the sentence previously imposed.  This timely appeal ensued.

We start with the sentence imposed on count eight. Although the appellant's brief is amorphous, we assume, favorably to him, that his challenge to his sentence encompasses both procedural and substantive grounds.

We review preserved objections to both the procedural and substantive reasonableness of a sentence for abuse of discretion. See Gall v. United States, 552 U.S. 38, 46 (2007); United States v. Martin, 520 F.3d 87, 92 (1st Cir. 2008). "The review process is bifurcated: we first determine whether the sentence imposed is procedurally reasonable and then determine whether it is substantively reasonable." United States v. Clogston, 662 F.3d 588, 590 (1st Cir. 2011).

The appellant's claim of procedural error rests on the provisions of 18 U.S.C. § 3553. Pertinently, this statute requires the sentencing court to consider the variety of available sentences, see id. § 3553(a)(3), and to "state in open court the reasons for its imposition of the particular sentence," id. § 3553(c). In this regard, the appellant notes that the jury could not agree on a life sentence for count eight and, therefore, the district court had the option to impose a lesser sentence.[1] Given

---

[1] The Federal Death Penalty Act provides in relevant part that when a jury is unable to agree on a sentence of death or life imprisonment without possibility of release, the court may impose either a sentence of life imprisonment without possibility of release or any lesser sentence authorized by law. See 18 U.S.C. § 3594.

-4-

this circumstance, he argues that the court's failure either to state why it did not select a lesser sentence or to explain its reasons for the reimposed sentence constitutes reversible error.

This claim of error comes late in the day. At resentencing, the appellant did not object to the court's failure to offer an explanation of the reasons underlying the sentence, nor did he object to the proceeding on any related ground. Accordingly, his present claim has not been preserved, and our review is for plain error. See United States v. Pakala, 568 F.3d 47, 56 (1st Cir. 2009).

The test for plain error is familiar. As we said in United States v. Duarte, 246 F.3d 56 (1st Cir. 2001), "[r]eview for plain error entails four showings: (1) that an error occurred (2) which was clear or obvious and which not only (3) affected the defendant's substantial rights, but also (4) seriously impaired the fairness, integrity, or public reputation of judicial proceedings." Id. at 60.

It is settled law that a district court's failure adequately to explain a sentence as required by section 3553(c), without more, is not plain error. See United States v. Manqual-Garcia, 505 F.3d 1, 16 (1st Cir. 2007). Rather, "a reversal under plain error review requires a reasonable probability that, but for the error, the district court would have imposed a different, more favorable sentence." Id. at 15 (internal quotation marks omitted).

This is equally true when the claim of error is focused on an alleged failure to comply with section 3553(a). See, e.g., United States v. Guzmán, 419 F.3d 27, 32 (1st Cir. 2005).

"[T]o establish a reasonable probability of a different sentence . . . the appellant has the burden of identifying specific facts that convince us that the district court considered a significant improper factor, failed to consider a significant proper factor, or made a significant error in balancing the factors." Mangual-Garcia, 505 F.3d at 16. As we explain below, the appellant has not made such a showing.

To begin, the appellant's sentence on count eight is within the Guideline Sentencing Range (GSR) for the offense of conviction. This time around, the district court heard the appellant's full allocution as well as arguments of counsel. Moreover, the sentencing judge had presided over the trial and was intimately familiar with the nuances of the case. To cinch the matter, the appellant has not identified any factors that make it likely that he would receive a different sentence on remand.[2]

The upshot is that, on this record, the likelihood of a different sentence on remand is an empty hope unsubstantiated by any plausible rationale. Accordingly, there is no principled way

_____

[2] By the same token, our review of the record yields no such inkling. As we chronicle in more detail when dealing with the substantive reasonableness of the sentence, the crime embodied in count eight was heinous and the appellant's role in it was major.

that we can find plain error arising out of the district court's failure to effect literal compliance with the "explanation" requirement of section 3553.[3]

The appellant next asserts that his sentence on count eight is substantively unreasonable. Our consideration of this claim starts with our recognition that the sentence — life imprisonment without the possibility of release — falls within the GSR for the offense of conviction.

This is an important datum. As we explained in an earlier case, challenging a sentence as substantively unreasonable is a burdensome task — and one that is even more operose where, as here, the challenged sentence is within a properly calculated GSR. See Clogston, 662 F.3d at 592-93. It follows inexorably that a "defendant who protests his within-the-range sentence on this ground must adduce fairly powerful mitigating reasons and persuade us that the district court was unreasonable in balancing pros and cons." Id. at 593 (internal quotation marks omitted). Under this standard, it is not enough that we, if sitting as a court of first instance, might have selected a more lenient sentence. See United States v. Madera-Ortiz, 637 F.3d 26, 30 (1st Cir. 2011).

---

[3] To the extent that the appellant argues that the district court failed to consider lesser sentencing outcomes, such an argument is undercut by statements made at the sentencing hearing by the appellant and his counsel, both of whom attempted to persuade the district court that the appellant's post-conviction rehabilitation warranted something other than a life sentence.

The appellant has not come close to crossing this threshold. The offense of conviction is grave. The day before the robbery, the appellant carjacked a getaway vehicle and stole from it a Glock pistol. He then participated in the robbery of an armored truck and the murder of a guard assigned to that truck, using the purloined Glock. He was the first of the malefactors to open fire during the confrontation — and he did so at close range. When, as now, the record makes manifest that an armed defendant played a leading part in a premeditated robbery of an armored vehicle, resulting in the death of a guard, a sentence of life imprisonment cannot plausibly be said to be unreasonable. See United States v. Morales-Machuca, 546 F.3d 13, 25-26 (1st Cir. 2008) (rejecting claim of substantive unreasonableness advanced by one of the appellant's codefendants who also received a life sentence).

This leaves the appellant's contention that his conviction and sentence on count nine violate the Double Jeopardy Clause. See U.S. Const. amend. V. Some background is helpful to put this claim into perspective.

During the first appeal in this case, another defendant successfully argued that count nine was a lesser included offense of count eight, thereby constituting a double jeopardy violation. See Catalán-Roman, 585 F.3d at 472. The appellant, however, did not preserve this issue; indeed, we noted that, "[o]ddly," he had

-8-

never "argued that [his] convictions on counts eight and nine violate double jeopardy." Id. at 472 n.25. We therefore declined to extend the same relief to the appellant as we extended to the codefendant who raised the issue. Id.

At the resentencing hearing, the appellant sought to interject a belated double jeopardy claim with respect to count nine. The district court refused to consider his entreaty.

Double jeopardy "forbids successive prosecution and cumulative punishment for a greater and lesser included offense." Brown v. Ohio, 432 U.S. 161, 169 (1977). Consequently, courts may not impose multiple punishments for what is essentially the same offense. Id. at 165; Allen v. Att'y Gen. of Me., 80 F.3d 569, 572 & n.3 (1st Cir. 1996). While the appellant's claim of double jeopardy appears at first blush to fall within this proscription, there is a rub.

Here, the appellant's double jeopardy claim was fully matured and could have been advanced at the time of his first appeal. Yet he did not preserve it, and the original panel dismissed the claim on that basis. See Catalán-Roman, 585 F.3d at 472 n.25.

The law of the case doctrine "bars a party from resurrecting issues that either were, or could have been, decided on an earlier appeal." United States v. Matthews, 643 F.3d 9, 12-13 (1st Cir. 2011). Hence, a successor appellate panel in the same

case is normally bound to respect the decision of the original panel. Id. at 13. In this instance, there has been no material change in the applicable law between the time of the first appeal and the present time. The appellant's fleeting reference in his brief to the "serious injustice" arising out of the claimed double jeopardy violation is undone by our earlier observation that his "conviction on count nine does not and cannot affect his sentence, which is life imprisonment," see Catalán-Roman, 585 F.3d at 472 n.25; and, thus, the normal rule applies. Consequently, the law of the case doctrine binds us to honor the original panel's disposition. We therefore uphold the district court's refusal to take a fresh look at the double jeopardy claim (without prejudice, however, to whatever rights the appellant may have to pursue that claim in a petition brought under 28 U.S.C. § 2255).

We need go no further.[4] For the reasons elucidated above, we reject the appellant's claims of error.

**Affirmed**.

---

[4] Because no further proceedings are required in the district court, we do not reach the appellant's request that future proceedings should be conducted before a different district judge.