# United States Court of Appeals
## For the First Circuit

No. 13-1743

UNITED STATES OF AMERICA,

Appellee,

v.

JOSUÉ DÍAZ-BERMÚDEZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Pérez-Giménez, U.S. District Judge]

Before

Thompson, Kayatta, and Barron,
Circuit Judges.

John T. Ouderkirk, Jr. on brief for appellant.
Rosa Emilia Rodríguez-Vélez, United States Attorney, Nelson Pérez-Sosa, Assistant United States Attorney, Chief, Appellate Division, and Francisco A. Besosa-Martínez, Assistant United States Attorney, on brief for appellee.

February 13, 2015

**KAYATTA, Circuit Judge**. Defendant-appellant Josué Díaz-Bermúdez ("Díaz") brings two challenges to the 108-month sentence entered by the district court after he pleaded guilty to one count of possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). After careful consideration, we affirm.

## I. Background

Because this appeal follows a guilty plea, we derive the facts from the plea agreement, the change-of-plea colloquy, the unchallenged portions of the presentence investigation report ("PSR"), and the sentencing hearing transcript. United States v. Ocasio-Cancel, 727 F.3d 85, 88 (1st Cir. 2013). The resolution of this appeal does not require a detailed recitation of the facts. It will suffice to say that police officers found two handguns (one of which was fully loaded with a round in the chamber), three magazines, ammunition rounds, more than 700 small bags of crack cocaine, 75 small bags of powder cocaine, and drug paraphernalia in a vehicle in which Díaz was the sole passenger. Shortly after his arrest, Díaz admitted to police officers that the drugs and some of the paraphernalia belonged to him. Later, in his plea agreement, he also admitted that he knowingly and intentionally possessed the discovered firearms in furtherance of a drug trafficking crime.

Díaz was indicted for the firearm offense, 18 U.S.C. § 924(c)(1)(A), as well as one count of possession with intent to

distribute an unspecified quantity of powder cocaine, 21 U.S.C. § 841(a)(1), (b)(1)(C), and one count of possession with intent to distribute 28 grams or more of crack cocaine, id. § 841(a)(1), (b)(1)(B).  Díaz pleaded guilty to the firearm count pursuant to a written plea agreement.  In return, the government agreed to recommend the mandatory minimum and guidelines sentence of 60 months in prison for the firearm count and to ask the court to dismiss the two drug distribution counts.  See 18 U.S.C. § 924(c)(1)(A)(i); U.S.S.G. § 2K2.4(b).  At sentencing, the district court agreed to dismiss the drug counts, but it rejected the recommended 60-month sentence for the firearm count and instead imposed a 108-month prison sentence.  Díaz timely appealed.

## II. Analysis

### A. Plea Withdrawal

Díaz first argues that, under Fed. R. Crim. P. 11(c)(5), he was entitled to withdraw his guilty plea after the district court rejected the 60-month sentence recommended by both parties in the plea agreement.[1]  This argument rests on a faulty premise.

---

[1] The relevant portion of Rule 11(c)(5) ("Rejecting a Plea Agreement") reads as follows:

> If the court rejects a plea agreement containing provisions of the type specified in Rule 11(c)(1)(A) or (C), the court must do the following on the record and in open court (or, for good cause, in camera): . . . (B) advise the defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea . . . .

Rule 11(c)(5) does not apply to the recommended sentence in Díaz's plea agreement, which was a non-binding sentencing recommendation under Rule 11(c)(1)(B).[2] The plea withdrawal opportunity in Rule 11(c)(5) applies only to plea agreement provisions under Rule 11(c)(1)(A) (charge dismissals) and Rule 11(c)(1)(C) (binding, stipulated sentences).[3] This conclusion should come as no surprise to Díaz. The plea agreement and the transcript of the change-of-plea colloquy make it abundantly clear that Díaz knew that the district court was free to reject the 60-month recommended sentence and that he would not have an opportunity to withdraw his plea if the court did so.

---

Fed. R. Crim. P. 11(c)(5).

[2] The three types of plea agreement, as described in Rule 11(c)(1), provide that the prosecutor will:

(A) not bring, or will move to dismiss, other charges;

(B) recommend, or agree not to oppose the defendant's request, that a particular sentence or sentencing range is appropriate . . . (such a recommendation or request does not bind the court); or

(C) agree that a specific sentence or sentencing range is the appropriate disposition of the case . . . (such a recommendation or request binds the court once the court accepts the plea agreement).

Fed. R. Crim. P. 11(c)(1).

[3] The case law Díaz cites in support of his argument is equally inapplicable to his plea agreement: it addresses stipulated sentences under Rule 11(c)(1)(C), which the court may only accept or reject, and not non-binding recommendations under Rule 11(c)(1)(B). See, e.g., United States v. Self, 596 F.3d 245, 248-49 (5th Cir. 2010).

-4-

Díaz tries to rescue his argument by pointing out that his plea agreement was a hybrid Rule 11(c)(1)(A)/Rule 11(c)(1)(B) agreement. This is true--in addition to the 60-month recommended sentence under Rule 11(c)(1)(B), Díaz's plea agreement required the government to move to dismiss the two drug distribution counts under Rule 11(c)(1)(A). And whereas a Rule 11(c)(1)(B) sentencing recommendation does not bind the court, the district court may only accept or reject the Rule 11(c)(1)(A) charge dismissal provisions of a plea agreement. Fed. R. Crim. P. 11(c)(3)(A). But here the district court did accept the Rule 11(c)(1)(A) provision of Díaz's plea agreement by granting the government's motion to dismiss the two drug counts. See United States v. Schiradelly, 617 F.3d 979, 982 n.3 (8th Cir. 2010). The district court therefore committed no error by not giving Díaz an opportunity to withdraw his guilty plea, and certainly no plain error, as Díaz concedes he failed to object below. See United States v. Medina-Villegas, 700 F.3d 580, 583 (1st Cir. 2012).

**B. Sentencing Challenge**

Díaz next challenges the reasonableness of his above-guidelines 108-month sentence. We normally review the reasonableness of a sentence for an abuse of discretion, United States v. Del Valle-Rodríguez, 761 F.3d 171, 176 (1st Cir. 2014), but Díaz failed to raise below any of his current objections. We therefore review for plain error. Medina-Villegas, 700 F.3d at

583.  This requires Díaz to show "a reasonable probability that, but for the error, the district court would have imposed a different, more favorable sentence." Id. (quoting United States v. Manqual-Garcia, 505 F.3d 1, 15 (1st Cir. 2007)) (internal quotation marks omitted).

In reviewing the reasonableness of a sentence, we first look for procedural errors, including "failing to consider appropriate sentencing factors, predicating a sentence on clearly erroneous facts, or neglecting to explain the rationale for a variant sentence adequately." Del Valle-Rodríguez, 761 F.3d at 176.  Our review then shifts to the substantive reasonableness of the sentence.  Id.

**1. Procedural Reasonableness**

Díaz's claimed procedural error is that the district court failed to consider the 18 U.S.C. § 3553(a) sentencing factors, and instead imposed the 108-month sentence based solely on its doubt about a statement he made in the PSR that his involvement in the gun crime was the product of ignorance.  We disagree.

First, the district court did not plainly fail to consider the section 3553(a) factors.  The court's section 3553(a) analysis was admittedly brief, and an easy resolution of this issue is thwarted somewhat by a garbled sentencing transcript.  After the court found that the PSR adequately applied the guidelines, the transcript shows that the sentencing judge said "[t]he Court has

considered the other sentencing factors in 18 U.S. (e)(3.5) and (unintelligible)." It seems fair to infer from context and the reference to "other sentencing factors" that the district court expressly cited section 3553(a) but that its statement was mis-transcribed. The district court's statement that it considered the section 3553(a) factors "is entitled to some weight." United States v. Vega-Salgado, 769 F.3d 100, 105 (1st Cir. 2014) (quoting United States v. Clogston, 662 F.3d 588, 590 (1st Cir. 2011)) (internal quotation marks omitted). Moreover, the district court's review of Díaz's criminal history and the facts of his arrest--the court at one point corrected defense counsel on the location of the first gun--showed that it was familiar with the nature of the offense as well as Díaz's characteristics and background. See Medina-Villegas, 700 F.3d at 583-84. And, "[t]o cinch the matter, [Díaz] has not identified any factors that make it likely that he would receive a different sentence on remand." Id. at 584.

Second, the district court was permitted to consider the sincerity of Díaz's explanation for his conduct, that "he did it out of ignorance." Díaz himself placed his sincerity at issue. In his sentencing memorandum and at the hearing, Díaz argued for a 60-month sentence based in part on his acceptance of responsibility and recognition of the consequences of his actions. In doing so, he specifically cited his statement in the PSR that "he did it out of ignorance." Furthermore, whether Díaz was sincere in accepting

-7-

responsibility was relevant for considering whether a sentence "afford[s] adequate deterrence" and "protect[s] the public from further crimes of the defendant."  18 U.S.C. § 3553(a)(2)(B)-(C); see also United States v. Jiménez-Beltre, 440 F.3d 514, 519 (1st Cir. 2006) (en banc) ("[A] court's reasoning can often be inferred by comparing what was argued by the parties or contained in the pre-sentence report with what the judge did.").  Nor was the district court's disbelief of Díaz's sincerity clearly erroneous. Díaz's prior encounters with law enforcement and his admission that the drugs belonged to him provided ample support for the district court's doubt about his professed ignorance.

### 2. Substantive Reasonableness

Finding no procedural error, we turn to Díaz's contention that his sentence is substantively unreasonable.  He claims that the district court did not sufficiently justify a sentence 48 months above the guidelines sentence of 60 months in prison. U.S.S.G. § 2K2.4(b); 18 U.S.C. §924(c)(1)(A)(i); see Del Valle-Rodríguez, 761 F.3d at 176 ("Where . . . a court imposes a sentence above the GSR, it must justify the upward variance."). The hallmarks of a substantively reasonable sentence are "a plausible sentencing rationale and a defensible result."  United States v. Martin, 520 F.3d 87, 96 (1st Cir. 2008).

The primary reason the court gave for its sentence was Díaz's lack of sincerity in attributing his involvement in the

offense to ignorance.  The sincerity of Díaz's explanation for the offense was relevant to assessing the need for deterrence and his capacity for rehabilitation.  See 18 U.S.C. § 3553(a)(2)(B)-(D); Martin, 520 F.3d at 94 ("The potential for rehabilitation also may comprise grist for the sentencing court's mill.").  This reason alone may not have sufficed as a plausible rationale for such a steep variance, but the district court also reviewed Díaz's criminal history and the offense characteristics in the context of evaluating Díaz's sincerity.  Specifically, the court observed that Díaz had been convicted under Puerto Rico law of possessing a firearm without a license and of committing an assault requiring medical attention.  See U.S.S.G. § 2K2.4(b) cmt. n.2(B) ("A departure may be warranted, for example, to reflect the seriousness of the defendant's criminal history . . . .").  The court further noted that Díaz was on probation for these offenses when he committed the firearm offense at issue here.  On plain error review, these factors add up to a plausible rationale for a variant sentence.

The reasonableness of the relative magnitude of the 48-month upward variance--an 80 percent increase over the guidelines sentence of 60 months--is a closer question. Nonetheless, given the due deference we owe the district court, we cannot say that the ultimate result is indefensible on plain error review.  United States v. Flores-Machicote, 706 F.3d 16, 25 (1st

Cir. 2013) ("A sentence is not substantively unreasonable merely because the reviewing court would have sentenced the defendant differently."). The offense conduct was serious--Díaz admitted to possessing two handguns along with more than 700 small bags of crack cocaine, 75 bags of powder cocaine, and the paraphernalia to prepare more drugs for distribution. He committed the current offense while serving probation for unlawfully possessing a firearm and committing assault, a circumstance which pointed toward the danger of recidivism. That Díaz chose to chalk his conduct up to ignorance magnified this danger. And while the guidelines sentence did not extend beyond the minimum sentence of 60 months, Díaz faced a statutory maximum sentence of life imprisonment. 18 U.S.C. § 924(c)(1)(A)(i); see United States v. Rivera-González, No. 13-1620, 2015 WL 234774, at *5 (1st Cir. Jan. 20, 2015) (concluding that a variant sentence was reasonable in part because section 924(c) carries a statutory maximum of life in prison). Under these circumstances, and on plain error review, we cannot say that a 108-month sentence was outside the universe of reasonable sentences. See United States v. Taylor, 540 F. App'x 16, 17 (1st Cir. 2013) (per curiam) (statutory maximum sentence of 120 months for being a felon in possession of a firearm was substantively reasonable, even though guidelines sentencing range was only 51 to 63 months); United States v. Black, 581 F. App'x 263, 264 (4th Cir. 2014) (per curiam) (108-month sentence for a section 924(c) conviction--48

months above the 60-month guidelines sentence--was substantively reasonable); <u>United States</u> v. <u>White</u>, 265 F. App'x 719, 729 (10th Cir. 2008) (147-month sentence, which represented an upward variance of 87 months, was substantively reasonable for a section 924(c) conviction); <u>cf.</u> <u>United States</u> v. <u>Varela-Rivera</u>, 551 F. App'x 583, 591 (1st Cir. 2014) (a twenty-year sentence for a section 924(c) conviction carrying a 60-month guidelines sentence was substantively reasonable on plain error review, when defendant perjured himself, had a substantial criminal history, and would have faced a thirty-year mandatory minimum sentence for a dismissed count).

## III. Conclusion

For the reasons stated above, we <u>affirm</u> the judgment of the district court.

<u>So ordered</u>.