**Not For Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 13-2396

UNITED STATES OF AMERICA,

Appellee,

v.

ROLANDO TORRES-NEVÁREZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. José Antonio Fusté, U.S. District Judge]

Before

Howard, Chief Judge,
Torruella and Selya, Circuit Judges.

Francisco J. Adams-Quesada, on brief for appellant.
Tiffany V. Monrose, Assistant United States Attorney, Rosa Emilia Rodríguez-Vélez, United States Attorney, and Nelson Pérez-Sosa, Assistant United States Attorney, Chief, Appellate Division, on brief for appellee.

September 11, 2015

**TORRUELLA, Circuit Judge**. Defendant-Appellant Rolando Torres-Nevárez ("Torres") contends that the district court erred when it sentenced him to the higher end of the applicable sentencing guidelines range. Torres pleaded guilty to possessing a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c)(1)(A) ("Count Three") and to a drug offense in violation of 21 U.S.C. § 841(a)(1),(b)(1)(D) ("Count Two"). He was sentenced to seventy-eight months in prison for Count Three and six months in prison for Count Two. Torres argues that these sentences are procedurally flawed because the district court did not take into account some factors enumerated in 18 U.S.C. § 3553(a) during sentencing. He also argues that his sentence is procedurally unreasonable because the district court improperly considered his prior arrests in sentencing. After careful consideration of both claims, we affirm.

## I. Background

Because Torres pleaded guilty, the facts and procedural history are taken from the Presentence Investigation Report ("PSR"), the plea agreement, and the sentencing hearing. United States v. King, 741 F.3d 305, 306 (1st Cir. 2014). On May 28, 2013, Puerto Rico Police Agents assigned to the Corozal Police Station received an anonymous tip, which led them to conduct a traffic stop of a Mazda pick-up truck. While approaching the driver's side of the vehicle, the officers observed a firearm,

specifically a Glock pistol, model 23, caliber .40, with an obliterated serial number. The firearm was loaded with 14 rounds of ammunition. The police officers arrested the driver, Torres. During a search of the vehicle, police seized 153 baggies of marijuana and $2,115 in cash. Torres admitted to possessing the "firearm in furtherance of a drug trafficking offense."

Pursuant to a plea agreement, Torres pleaded guilty on July 22, 2013, to violating 21 U.S.C. § 841(a)(1), (b)(1)(D), knowingly and intentionally possessing marijuana with intent to distribute, and one count of violating 18 U.S.C. § 924(c)(1)(A), possession of a firearm in furtherance of a drug trafficking crime. Pursuant to § 2D1.1 of the Sentencing Guidelines, Torres's Base Offense Level was calculated to be 6. Because Torres accepted responsibility, a two-level decrease was applied, pursuant to § 3E1.1(a). This brought Torres's Total Offense Level to 4 for Count Two. The PSR also stated that Torres had a total criminal history score of 3, which, under USSG Chapter 5, Part A, placed Torres in Criminal History Category II. The Plea Agreement stated that "[f]or Count Two the parties agree to recommend a sentence of imprisonment at the lower end of the applicable range . . . . [And] for Count Three the parties agree to recommend a sentence of sixty months."

A sentencing hearing was held on October 21, 2013, and Torres was sentenced to six-months imprisonment on Count Two

(though the Plea Agreement recommended no prison sentence) and seventy-eight months imprisonment on Count Three (though the Plea Agreement recommended only sixty months). The sentences were to be served consecutively to each other and to a pending state court sentence.[1] Torres was to be placed on supervised release for three years as to Count Two and five years as to Count Three, to be served concurrently with each other. Lastly, Torres was ordered to pay a special monetary assessment of two hundred dollars. This timely appeal followed.

## II.  Discussion

Torres presents two arguments on appeal.  First, he argues that the district court erred when it failed to take into account some § 3553(a) factors at sentencing.  Second, he argues that the court erred in factoring his prior arrests into his sentence.

## A.  18 U.S.C. § 3553(a) Factors

Torres argues that his sentence is procedurally flawed because the district court failed to take into account mitigating § 3553(a) factors at sentencing.  The PSR lists the following mitigating factors: Torres is a father of two children.  He maintains close ties to his family and community.  He went to school, played sports, and began an associate degree, which he did not complete because he was able to find employment.  Torres also

---

[1]  Torres also has to serve a two-year sentence at the state level.

has an extensive work history, which includes working in promotions, bartending, and running his own restaurant and sports bar. Torres argues that the district court should have taken these mitigating factors into account during sentencing and that the failure to do so renders his sentence procedurally flawed.

Because Torres failed to preserve his objection, we review for plain error. See United States v. Fernández-Hernández, 652 F.3d 56, 71 (1st Cir. 2011). Under plain error review,

> [a]n appellate court may, in its discretion, correct an error not raised at trial only where the appellant demonstrates that (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings.

Id. at 64 (quoting United States v. Marcus, 560 U.S. 258, 261 (2010)). "[A] reversal under plain error review requires a reasonable probability that, but for the error, the district court would have imposed a different, more favorable sentence." United States v. Medina-Villegas, 700 F.3d 580, 583 (1st Cir. 2012) (quoting United States v. Manqual-García, 505 F.3d 1, 15 (1st Cir. 2007)).

This court has a two-fold process for reviewing sentences: first, we "determine whether the sentence imposed is procedurally reasonable and then determine whether it is

substantively reasonable." United States v. Clogston, 662 F.3d 588, 590 (1st Cir. 2011) (citing United States v. Martin, 520 F.3d 87, 93 (1st Cir. 2008)). Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines range." Gall v. United States, 552 U.S. 38, 51 (2007).

The district court is not obligated to articulate all the factors it took into consideration at sentencing. See United States v. Turbides-Leonardo, 468 F.3d 34, 40 (1st Cir. 2006). This court has previously held that a sentencing judge does not have to "go through each of the § 3553(a) factors one by one." United States v. Aponte-Vellón, 754 F.3d 89, 94 (1st Cir. 2014) (citing United States v. Marsh, 561 F.3d 81, 86 (1st Cir. 2009) ("[W]e do not require the [district] court to address [the § 3553(a)] factors, one by one, in some sort of rote incantation when explicating its sentencing decision." (internal quotation marks omitted))). "Even silence is not necessarily fatal; a court's reasoning can often be inferred by comparing what was . . . contained in the presentencing report . . . with what the judge did." United States v. Gilman, 478 F.3d 440, 446 (1st Cir. 2007) (quoting Turbides-Leonardo, 468 F.3d 34, 41) (internal quotation

-6-

marks omitted). "[A] judge's statement that he has considered all of the § 3553(a) factors is entitled to significant weight." United States v. Arroyo-Maldonado, 791 F.3d 193, 199 (1st Cir. 2015) (citing United States v. Santiago-Rivera, 744 F.3d 229, 233 (1st Cir. 2014)).

We are satisfied that the district court did not procedurally err as alleged. The PSR in this case contained all of the relevant mitigating information that Torres emphasizes. And, critically, the record makes clear that the court reviewed the PSR and considered it in formulating its sentence. Indeed, the Judge explicitly said, "Let's take a look at the facts of this case for a minute, because you know I'm going to look into this. And I already did." Equally important, the district court made plain that it took all of the applicable § 3553(a) factors into account and explained why the court reached the sentence it did. That the court focused on Torres's criminal history and the nature of the crime, rather than the mitigating factors he emphasized, does not suggest that the court simply failed to consider those factors. Instead, the court made quite clear that it considered all of the information it had before it. We are therefore satisfied that the district court did not err, plainly or otherwise, in failing to provide a detailed explanation respecting each mitigating factor.

Nor, we briefly note, has Torres even attempted to meet his burden of establishing prejudice. See Medina-Villegas, 700

F.3d at 583. That is, he has failed to argue that, assuming an error had occurred, it impacted his sentence. Indeed, we doubt he could satisfy this burden given the district court's thorough explanation of why it chose the sentence it did. That is, the court made clear that the sentence was warranted given the defendant's background, the nature of the crime, and the relevant § 3553(a) factors. There is thus not a "reasonable probability that, but for the error, the district court would have imposed a different, more favorable sentence." Id.

## B. Torres's Past Arrests

The crux of Torres's second argument is that the district court erred in using his prior arrests to show that he is a "gun lover" and "does not belong on [the] streets." Torres points to various statements made by the district court as evidence that it sentenced him "based on unsupported misapprehensions about the legitimacy of the three dismissed cases, and erred in using those cases as a basis" to mischaracterize him. The district court described the defendant as a "lucky man" after his previous encounters with the law. The court also referred to him as a "gun-lover" and "a danger to the community" because "[a]ll these charges got dismissed under Rule 64, which is a speedy trial basically, without prejudice [and were] never refiled." Because Torres did not preserve his objection, we review for plain error. See Fernández-Hernández, 652 F.3d at 64.

As an initial matter, we must determine if the district court erred in evaluating Torres's criminal history while determining his sentence. Section 3553(a)(1) states the factors that can be considered during sentencing, which include, "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). We have interpreted "history and characteristics of the defendant" to include a defendant's criminal history. See, e.g., United States v. Politano, 522 F.3d 69, 74-75 (1st Cir. 2008). Subsections 3553(a)(2)(B) and (C) establish that both deterrence and combating recidivism are legitimate factors to be taken into account when determining a sentence. See id. at 74 ("Sections 3553(a)(1) and 3553(a)(2)(c) invite the district court to consider, broadly, 'the nature and circumstances of 'the offense and the history and characteristics of the defendant' and the need for the sentence imposed . . . to protect the public from further crimes of the defendant.'"). Indeed, we have held that multiple arrests can be indicative of a pattern. See United States v. Zapete-García, 447 F.3d 57, 61 (1st Cir. 2006) (finding that "a series of past arrests might legitimately suggest a pattern of unlawful behavior even in the absence of any convictions").

The district court did not plainly err by factoring in Torres's arrest history. It is well established that a district court may consider a wide range of circumstances relating to the

defendant's history in fashioning a sentence.  See Pepper v. United States, 562 U.S. 476, 487-88 (2011).  Likewise, "[a] record of past arrests or dismissed charges may indicate a pattern of unlawful behavior even in the absence of any convictions."  United States v. Flores-Machicote, 706 F.3d 16, 21 (1st Cir. 2013) (quotation marks omitted).  In the present case, it is clear that Torres's arrest record indicates a pattern of unlawful behavior as the charges were related to drugs and firearms.

There was ample evidentiary support for the court's account of Torres's past pattern of criminality.  The PSR shows that Torres was convicted of unlawfully possessing a firearm, selling a firearm, and unlawfully possessing ammunition after pleading guilty on July 17, 2013, in the Superior Court of Puerto Rico.  He also has three previous arrests for alleged violations of Puerto Rico law.  These facts drawn from the PSR may be taken as established as this court has previously held that the "unobjected-to facts contained in a PSR ordinarily are considered reliable evidence for sentencing purposes."  United States v. Fernández-Cabrera, 625 F.3d 48, 54 (1st Cir. 2010) (quotation marks omitted).

Torres has failed to establish that the district court's use of his prior arrests and gun possession conviction constituted plain error as he has failed to show that this reliance was unreasonable or that not using the information would have led to a

lower sentence.  Under the circumstances of this case, the district court's sentence was not procedurally unreasonable because of the court's reference to Torres's record of prior arrests.

### III.  Conclusion

Having found no plain error in the proceedings of the district court, Torres's sentence is affirmed.

**Affirmed**.