**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

### No. 17-4092

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

ISHMAEL BAITH FORD-BEY,

                Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Deborah K. Chasanow, Senior District Judge. (8:13-cr-00492-DKC-2)

Submitted: November 16, 2017                Decided: November 29, 2017

Before DUNCAN, DIAZ, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Steven M. Klepper, KRAMON & GRAHAM, P.A., Baltimore, Maryland, for Appellant. Stephen M. Schenning, Acting United States Attorney, David Metcalf, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ishmael Baith Ford-Bey appeals from his 360-month sentence imposed on remand for resentencing. On appeal, Ford-Bey contends that his sentence was both substantively and procedurally unreasonable because the district court failed to properly consider the evidence of Ford-Bey's rehabilitation and change of character. We affirm.

The Supreme Court held in *Pepper v. United States*, 562 U.S. 476, 490 (2011), that "when a defendant's sentence has been set aside on appeal and his case remanded for resentencing, a district court may consider evidence of a defendant's rehabilitation since his prior sentencing and that such evidence may, in appropriate cases, support a downward variance from the advisory Guidelines range." The Court noted that post-sentencing rehabilitation "provides the most up-to-date picture of [a defendant's] 'history and characteristics'" and "sheds light on the likelihood that he will engage in future criminal conduct, a central factor that district courts must assess when imposing sentence." *Id.* at 492. However, the Court made clear that district courts are not required to reduce a defendant's sentence, even after a showing of relevant rehabilitation. *Id.* at 505 n.17.

A substantive reasonableness review entails taking into account the totality of the circumstances. *United States v. Pauley*, 511 F.3d 468, 473 (4th Cir. 2007). A sentence within the correctly calculated Guidelines range is presumptively reasonable. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). Such a presumption can only be rebutted by a showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) (2012) factors. *Id.*

"When rendering a sentence, the district court must make an individualized assessment based on the facts presented." *United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks omitted). Accordingly, a sentencing court must apply the relevant § 3553(a) factors to the particular facts presented and must "state in open court" the particular reasons that support its chosen sentence. *Id.* Stating in open court the particular reasons for a chosen sentence requires the district court to set forth enough to satisfy this court that the district court has a reasoned basis for its decision and has considered the parties' arguments. *Id.* *Carter*, though, does not require a sentencing court to "robotically tick through" otherwise irrelevant subsections of § 3553(a). *See United States v. Johnson*, 445 F.3d 339, 345 (4th Cir. 2006).

Regarding Ford-Bey's claim that the district court provided an insufficient explanation for his sentence, we conclude that the district court's reasoning was appropriate. The court noted the reduction of Ford-Bey's Guidelines range on resentencing, the unrelated nature of the firearm,[*] and Ford-Bey's leadership role in an extraordinarily wide-ranging drug conspiracy. The court also considered Ford-Bey's previous incarceration and the failure of that sentence to deter him from the instant conduct. The court heard from Ford-Bey regarding his rehabilitation and changed attitude and explicitly considered that evidence. We hold the court set forth sufficient reasoning supporting the within-Guidelines sentence. *See United States v. Helton*, 782

---

[*] In Ford-Bey's initial appeal, we found the district court's enhancement for possession of a firearm in relation to a drug trafficking crime was clearly erroneous. *United States v. Ford-Bey*, 657 F. App'x 219 (4th Cir. 2016) (No. 15-4347).

3

F.3d 148, 154 (4th Cir. 2015) ("To require more explanation would unnecessarily intrude upon the district court's primary and unique role in the sentencing process.").

Turning to the substantive reasonableness of Ford-Bey's sentence, he contends that his mitigating arguments sufficiently rebutted the presumptive reasonableness of the within-Guidelines sentence. However, a defendant who protests his within-Guidelines sentence on this ground must adduce "fairly powerful mitigating reasons" and persuade this court that the district court was unreasonable in balancing the pros and cons. *United States v. Medina-Villegas*, 700 F.3d 580, 584 (1st Cir. 2012). While the court might have imposed a lower sentence given the mitigating circumstances cited by Ford-Bey, the mere fact that the court did not consider the mitigating circumstances worthy of a greater reduction does not render the sentence unreasonable. Because there is a range of permissible outcomes for any given case, an appellate court must resist the temptation to "pick and choose" among possible sentences and rather must "defer to the district court's judgment so long as it falls within the realm of these rationally available choices." *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007); *see also United States v. Jeffery*, 631 F.3d 669, 679 (4th Cir. 2011) (observing that "district courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors") (citation omitted); *United States v. Carter*, 538 F.3d 784, 790 (7th Cir. 2008) (noting substantive reasonableness "contemplates a range, not a point"). Accordingly, we find no abuse of discretion because the district court considered the arguments by both parties and rationally found that a 360-month sentence was appropriate.

4

Thus, we affirm Ford-Bey's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*