**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 17-1021

UNITED STATES OF AMERICA,

Appellee,

v.

DAVID W. LACOUTURE,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nathaniel M. Gorton, U.S. District Judge]

Before

Lynch, Stahl, and Barron,
Circuit Judges.

Joushua R. Hanye, on brief for appellant.
Alexia R. De Vincentis, Assistant U.S. Attorney, and William
D. Weinreb, Acting U.S. Attorney, on brief for appellee.

January 31, 2018

**STAHL**, **Circuit Judge**.  David Lacouture appeals his 74-month sentence for failure to register under the Sex Offender Registration and Notification Act ("SORNA"), in violation of 18 U.S.C. § 2250(a).  Lacouture challenges the district court's application of an eight-level enhancement to his sentence.  The district court imposed the enhancement because it found Lacouture had committed a sex offense against a seven-year-old child in Missouri while unregistered.  Lacouture also challenges the imposition of a special condition of supervised release.  After careful consideration, we affirm.

## I.

We review a district court's factual findings supporting the application of a sentencing enhancement for clear error. United States v. Savarese, 686 F.3d 1, 15 (1st Cir. 2012).  "It is the government's burden at sentencing to prove sentencing enhancement factors by a preponderance of the evidence, and a district court may base its determinations on 'any evidence that it reasonably finds to be reliable.'"  United States v. Almeida, 748 F.3d 41, 53 (1st Cir. 2014) (quoting United States v. Walker, 665 F.3d 212, 232 (1st Cir. 2011)).

This is Lacouture's second appeal to this court.[1]  We vacated Lacouture's first sentence, which included the same eight-level enhancement, and remanded to the district court in order for it to clarify whether it found the out-of-court statements the then eight-year-old child made in a Sexual Abuse Investigative Network ("SAIN") interview reliable and why it found these statements reliable.  United States v. Lacouture, 835 F.3d 187, 192 (1st Cir. 2016).  Without an explicit finding from the district court on this issue, we could not determine "whether the judge clearly erred in finding that the sentencing enhancement applied on the basis of the evidence."  Id. at 191.  We observed that, to assist in determining the reliability of the child's responses, "the district court may wish to request that the government produce the video recording of the SAIN."  Id. at 192 n.8.  The government had previously provided only the written transcript of the SAIN.

On remand, the government submitted the video of the SAIN to the court, as well as an anatomical drawing of a girl used by the child during the interview.[2]  After reviewing the evidence, the district court again found that Lacouture had committed a sex offense while he was unregistered.  The district court based that

---

[1] For a more detailed recitation of the facts and history of this case, see United States v. Lacouture, 835 F.3d 187, 188-89 (1st Cir. 2016).

[2] The government has also included the video as a part of its sealed submissions to this court.

finding "on statements of the then eight-year-old victim in the SAIN." The district court found the child's responses in the video to be "credible, clear and consistent" and found that the child "adequately identified the Defendant as the perpetrator."

Because the district court provided an additional explanation, based on a supplemented record, as to why it found the child's statement reliable, we are now able to conclude that the district court's factual findings in support of the enhancement were not clearly erroneous. At resentencing, the district court explicitly stated that it found the child's responses in the interview "credible, clear and consistent." In imposing the enhancement, the district court also relied on the statements of the child's mother and Lacouture himself. The presentence report described how when Lacouture was first asked about the alleged incident, he denied ever touching the child, but in a subsequent interview, he recalled an instance where he picked the child up off the ground by placing his arm underneath her "crotch area." Finally, the district court considered Lacouture's history of sex offenses.[3] Based on this evidence, the district court concluded that the government had shown, by a preponderance of evidence,

---

[3] As we observed in his first appeal, such propensity evidence, which "is normally inadmissible in criminal trials . . . is admissible in cases involving child molestation" and was offered here only "for purposes of sentencing." Lacouture, 835 F.3d at 190 n.4.

that Lacouture committed a sex offense against the child while he was unregistered.

By explaining why it found the child's responses in the SAIN interview reliable, the district court addressed the precise ambiguity that gave us pause in Lacouture's first appeal. Although Lacouture continues to point to apparent inconsistencies in the child's account, we believe the district court performed its duty to resolve these potential conflicts and provided a sufficient explanation as to why it reached the conclusion it did. "'[W]here there is more than one plausible view of the circumstances, the sentencing court's choice among supportable alternatives' is not clearly erroneous and a reviewing tribunal cannot disturb it." United States v. Correa, 114 F.3d 314, 317 (1st Cir. 1997) (quoting United States v. Ruiz, 905 F.2d 499, 508 (1st Cir. 1990)).[4] We find no clear error in the district court's finding and therefore affirm the district court's application of the enhancement.

## II.

Despite the limited nature of our earlier remand, Lacouture at resentencing sought to lodge a new objection to one of his conditions of supervised release. When Lacouture was first

_____

[4] We further note, as we did in his first appeal, that "recounting a sex crime can be a traumatic experience that may make telling a linear story difficult, and that this hardship is compounded when the victim is a child." Lacouture, 835 F.3d at 191 n.6.

sentenced, the district court imposed a condition of supervised release preventing Lacouture from possessing an internet capable cellular phone without the prior approval of the probation office. Lacouture did not object to this condition and did not raise any challenge to this condition in his first appeal to this court. At the resentencing hearing, after the sentence had been announced, Lacouture's counsel raised an oral objection to the condition, arguing that the condition ran afoul of our decision in United States v. Hinkel, 837 F.3d 111 (1st Cir. 2016).[5]  Although the district court permitted Lacouture to file a short memorandum addressing the issue, it ultimately retained the condition.

Under the law of the case doctrine, Lacouture forfeited his objection to the condition of supervised release when he failed to raise the issue in his first appeal to this court. As we have long held:

> a legal decision made at one stage of a civil or criminal case, unchallenged in a subsequent appeal despite the existence of ample opportunity to do so, becomes the law of the case for future stages of the same litigation, and the aggrieved party is deemed to have forfeited any right to challenge that particular decision at a subsequent date.

United States v. Bell, 988 F.2d 247, 250 (1st Cir. 1993); see also United States v. Medina-Villegas, 700 F.3d 580, 585 (1st Cir. 2012)

---

[5] Lacouture did not challenge the condition in the sentencing memorandum he submitted for the resentencing.

("The law of the case doctrine 'bars a party from resurrecting issues that either were, or could have been, decided on an earlier appeal.'" (quoting United States v. Matthews, 643 F.3d 9, 12-13 (1st Cir. 2011))). If Lacouture had wished to challenge the district court's imposition of the condition, he needed to raise the issue in his first appeal.

In his reply brief, Lacouture contends that the government waived its law of the case argument by failing to raise it below, citing our decisions in United States v. Lorenzo-Hernández, 279 F.3d 19, 22 (1st Cir. 2002) and United States v. Olivero, 552 F.3d 34, 41 n.4 (1st Cir. 2009). We have since said that those cases "should not be understood to suggest that the government waives all law of the case arguments by failing to raise them in the district court" and have noted that we retain the ability to "raise the law of the case issue sua sponte if we deem it appropriate." United States v. Wallace, 573 F.3d 82, 90 n.6 (1st Cir. 2009). We find application of the doctrine appropriate in this case.

In the alternative, Lacouture argues that Hinkel constituted a change in "controlling legal authority," Bell, 988 F.2d at 251, such that he did not have an opportunity to raise the issue before Hinkel was decided. We disagree. Although Hinkel addressed and struck down a somewhat similar condition of supervised release restricting internet usage, it was not a change

- 7 -

in controlling legal authority.  At most, Hinkel extended earlier decisions by this court striking down broad bans on internet and computer use.  See, e.g., United States v. Ramos, 763 F.3d 45, 62 (1st Cir. 2014); United States v. Perazza-Mercado, 553 F.3d 65, 74 (1st Cir. 2009).  Lacouture had a fair opportunity at his first sentence to raise an objection to the condition by relying on these earlier decisions.

## III.

For the foregoing reasons, we affirm.