# United States Court of Appeals
## For the First Circuit

Nos. 17-2153, 17-2154, 17-2188

UNITED STATES OF AMERICA,

Appellee,

v.

ENRICO M. PONZO, a/k/a HENRY PONZO, a/k/a MICHAEL P. PETRILLO,
a/k/a RICO, a/k/a JOEY, a/k/a JEFFREY JOHN SHAW, a/k/a JAY SHAW,

Defendant, Appellant.

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nathaniel M. Gorton, U.S. District Judge]

Before

Lynch, Stahl, and Barron,
Circuit Judges.

Allison Koury, on brief for appellant.
Andrew E. Lelling, United States Attorney, Dustin M. Chao,
Assistant U.S. Attorney, Brian A. Benczkowski, Assistant Attorney
General, Matthew S. Miner, Deputy Assistant Attorney General,
William A. Glaser, Attorney, Appellate Section, Criminal Division
on brief for appellee.

January 9, 2019

**BARRON**, **Circuit Judge**.   In 2014, Enrico Ponzo was convicted on twelve federal criminal counts -- including conspiracy to commit murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5) -- in the District of Massachusetts. The convictions arose from his role in the late 1980s and early 1990s in a large criminal organization called "La Cosa Nostra." The District Court imposed a lengthy prison sentence and also entered a $2.25 million money judgment forfeiture.  Ponzo appealed the convictions, his sentence, and the money judgment forfeiture. We affirmed.  See United States v. Ponzo, 853 F.3d 558 (1st Cir. 2017).

On November 28, 2016, Ponzo moved for a new trial under Federal Rule of Criminal Procedure 33 on the basis of evidence that he claims is newly discovered.  He also moved for an evidentiary hearing to support this motion.  The District Court denied both motions without issuing an opinion.  Then, in 2017, the District Court ordered the forfeiture of a gold ring in partial satisfaction of the previously ordered money judgment forfeiture. In the consolidated appeals that are now before us, Ponzo challenges all three of these orders by the District Court.  None of his challenges have merit.  We thus affirm.[1]

_____

[1] With respect to Ponzo's appeal from the District Court's denial of his motion for an evidentiary hearing on his motion for a new trial, we affirm the denial of that motion without further

## I.

Under Rule 33, a defendant who has been convicted of a federal offense may move for a new trial within three years on the basis of newly discovered evidence. Fed. R. Crim. P. 33(b)(1). To succeed on such a motion, the defendant must show (1) that "the evidence was unknown or unavailable to the defendant at the time of trial;" (2) that the defendant's "failure to learn of the evidence was not due to lack of diligence by the defendant;" (3) that "the evidence is material, and not merely cumulative or impeaching;" and (4) that the evidence "will probably result in an acquittal upon retrial." United States v. Flores-Rivera, 787 F.3d 1, 15 (1st Cir. 2015) (quoting United States v. González-González, 258 F.3d 16, 20 (1st Cir. 2001)).

If the newly discovered evidence involves impeachment evidence withheld in violation of Giglio v. United States, 405 U.S. 150 (1972), then "a 'more defendant-friendly' standard applies to the prejudice inquiry encompassed by the third and fourth prongs." United States v. Calderón, 829 F.3d 84, 90 (1st Cir. 2016) (quoting Flores-Rivera, 787 F.3d at 15). In such a case, a defendant "must establish only a 'reasonable probability' of a different outcome if the government had disclosed the evidence prior to trial." Id. (quoting Flores-Rivera, 787 F.3d at 15-16).

discussion, as Ponzo's brief to us does not address it. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).

- 3 -

With respect to a preserved challenge to the denial of such a motion, our review is for "manifest abuse of discretion." Id. (quoting United States v. Alverio-Meléndez, 640 F.3d 412, 423 (1st Cir. 2011)).  We review unpreserved challenges only for plain error.  United States v. Scott, 877 F.3d 30, 37 (1st Cir. 2017).

**A.**

Ponzo first contends that he is entitled to a new trial on the basis of a report by the Federal Bureau of Investigation ("FBI") that he contends was not disclosed by the government.  He claims the report indicates that the FBI had filmed a search conducted of the curtilage of a cabin in Idaho in which Ponzo had been living under an alias for several years prior to his arrest there.

We laid out in some detail the set of events that led to and included Ponzo's indictment, flight from Massachusetts to Idaho, arrest in Idaho, and eventual conviction and sentencing in our prior opinion.  See Ponzo, 853 F.3d at 565-72.  We see no need to repeat those facts here.  Suffice it to say, in Ponzo's view, his discovery of the FBI report supports his Rule 33 motion for the following reasons.

On February 7, 2011, members of a fugitive task force run by the United States Marshals service (the "Task Force") arrested Ponzo outside the Idaho cabin and proceeded to conduct a warrantless search of the cabin's curtilage.  An application for

a subsequent search warrant claimed that, during the search of the cabin's curtilage, the members of the Task Force looked through the cabin's window and saw what appeared to be a rifle. And that warrant in turn led to the discovery of evidence that was used against him at trial.[2]

Ponzo claims that the film referenced in the FBI report exists and would show that the curtains on the window were closed at the time of the search. He thus contends that the film would reveal that the Task Force members could not have seen the rifle. Thus, Ponzo claims, he is entitled, on the basis of the FBI report, to a new trial under Rule 33 due to the prejudice traceable to its non-disclosure, given that he contends that the film would have permitted him successfully to have moved to suppress critical evidence supporting the government's case against Ponzo.

Even if we assume that we must use the prejudice standard that applies for Giglio material, we still must conclude that the District Court did not abuse its discretion in rejecting this ground for granting Ponzo's Rule 33 motion for a new trial. In addition to vigorously disputing Ponzo's assertion that the film even exists,[3] the government contends that Ponzo has not offered

---

[2] Ponzo contends that this was, in fact, an "air rifle," but this factual dispute is irrelevant to this appeal.

[3] The government claims that the report that Ponzo cites is mistaken and notes that the FBI agent who prepared that report has

anything other than unfounded speculation to support his contention that any such film -- if it did, in fact, exist -- would show that the rifle at issue could not have been seen through the window during the search. And, the government's characterization of the basis for Ponzo's contention that the alleged film would aid his cause -- namely, that his contention in is founded on nothing more than his own unsubstantiated speculation -- is entirely fair. After all, Ponzo points to nothing in the record to support his claims about what the film -- insofar as there even is a film -- would show. Accordingly, we cannot conclude that the District Court manifestly abused its discretion in rejecting Ponzo's claim that this report provides a basis for granting his Rule 33 motion. See United States v. Natanel, 938 F.2d 302, 314 (1st Cir. 1991) (denying a motion for a new trial on the basis of the "record as a whole, not on the basis of wishful thinking, rank conjecture, or unsupportable surmise").

**B.**

Ponzo separately contends that a second FBI report, which he also contends was not provided to him during discovery, entitles him to a new trial, also pursuant to Rule 33. Ponzo claims that this second report shows that FBI agents had "actual knowledge that on the day of his arrest, Ponzo's children were

---

since sworn in an affidavit that that the report was incorrect and that no such film was ever made.

with their mother in Utah" and not at the cabin in Idaho that was searched. And, Ponzo contends, the FBI report therefore supports his Rule 33 motion in the following way.

Ponzo reasons that, if he had been aware of this aspect of the report, then he would have been able to make the case that the initial, warrantless search of the curtilage of the cabin in Idaho amounted to an unlawful ruse. Specifically, he contends that law enforcement falsely represented to the magistrate that they undertook the warrantless search in order "to make sure that the children were not left alone." Because the fruits of that warrantless search were used to obtain the subsequent search warrant, Ponzo argues that the report would have permitted him to successfully move to suppress the evidence that the government acquired during the search conducted pursuant to that warrant.

In opposing Ponzo's Rule 33 motion, however, the government argued to the District Court that, even if the initial warrantless search was unlawful, its fruits were unnecessary to show probable cause for the subsequent search warrant. Accordingly, the government contended, the fruits of the search based on that warrant were admissible under the independent source rule and thus Ponzo's claim of prejudice based on the report's non-disclosure is baseless.

At that time, Ponzo's appeal of his convictions to our Court was still pending. But, in rejecting Ponzo's appeal, we

reached that same conclusion about the admissibility of the fruits of that search under the independent source rule that the government asked the District Court to reach in arguing that Ponzo's Rule 33 motion should be denied. Ponzo, 853 F.3d. at 573. Thus, Ponzo is not free to contend otherwise now. See United States v. Medina-Villegas, 700 F.3d 580, 585 (1st Cir. 2012) ("The law of the case doctrine bars a party from resurrecting issues that either were, or could have been, decided on an earlier appeal." (quotation marks and citation omitted)). Accordingly, Ponzo's contention that the second FBI report might call into question the legality of the initial, warrantless search fails to demonstrate that it was a "manifest abuse of discretion" for the District Court to deny Ponzo's Rule 33 motion. United States v. Josleyn, 206 F.3d 144, 151 (1st Cir. 2000).

Ponzo separately argues that this second FBI report shows that the FBI agents made false statements about the whereabouts of Ponzo's children in an affidavit supporting the application for the first warrant to search Ponzo's house. And, Ponzo contends, "[h]ad this information been properly disclosed, the outcome of the District Court's ruling on the Motion to

Suppress [evidence from the search conducted pursuant to that warrant]" would have been different.[4]

But, Ponzo did not argue to the District Court, in support of his Rule 33 motion, that the motion to suppress the fruits of that search would have been granted if he could have shown -- based on this second FBI report -- that the warrant was issued based on false statements to the District Court about the children's location at the relevant time. Thus, our review is only for plain error. See Scott, 877 F.3d at 37. And, as Ponzo fails to argue that he can meet that demanding standard, we cannot conclude that the District Court plainly erred in denying Ponzo's motion for a new trial on the basis of the prejudice that he contends may be traced to the non-disclosure of this second FBI report. Calderón, 829 F.3d at 90.[5]

---

[4] Ponzo does note that he was denied an evidentiary hearing on his motion to suppress and suggests, without citing any authority, that the newly discovered evidence would entitle him to such a hearing. But, he does not explain how the denial of an evidentiary hearing on his motion to suppress suffices to show the prejudice that he must demonstrate under Rule 33, and no such argument occurs to us on this record.

[5] In any event, we note that, as the government points out, the report states, in relevant part, that Cara Pace, the children's mother and Ponzo's then-common law wife, "left Ponzo with their two children." The report thus does not make clear whether she brought the children with her when she left or whether she instead left them behind with Ponzo.

## c.

We now turn to Ponzo's final ground for challenging the District Court's denial of his Rule 33 motion. This challenge rests on Ponzo's allegations concerning reward money that the FBI paid to two confidential witnesses in connection with information that led to his arrest. In particular, Ponzo contends, he discovered post-trial that this reward money went both to Cara Pace and to her father. Ponzo thus claims that the government, by withholding this information, prejudiced his ability to cross-examine Cara Pace at trial, both about whether she did, in fact, receive any of the reward money and about whether she was biased in favor of the government because of the reward.

Even if we apply the more defendant-friendly Giglio-based prejudice standard, Ponzo's challenge still fails. Flores-Rivera, 787 F.3d at 15. In asserting without any substantiation that Cara Pace did receive the reward along with her father (an assertion that the government disputes), Ponzo merely states that, if he had possessed the alleged evidence showing that Cara Pace had received that money, then he would have been well-positioned to impeach her testimony against him at trial. But, Ponzo does not explain how such impeachment would in and of itself show a reasonable probability of a different outcome at trial. And, notably, Ponzo did not file a reply brief, even though the government explains at some length in its responsive brief that

- 10 -

Cara Pace's testimony was only relevant to "two money laundering counts, unlawful flight to avoid prosecution, and witness tampering" and that her testimony was not necessary to sustain a conviction on any of these counts, given the other evidence that was in the record. Thus, we reject Ponzo's contention that the District Court's denial of his Rule 33 motion is a manifest abuse of discretion. Calderón, 829 F.3d at 90.

## II.

We turn, finally, to Ponzo's appeal of the District Court's November 8, 2017 order requiring forfeiture of a gold ring as partial satisfaction of the money judgment forfeiture that had been previously ordered. Ponzo challenges this ruling on the basis of United States v. Cunan, 156 F.3d 110, 114 (1st Cir. 1998), as he argues that the doctrine of res judicata precludes the District Court's ruling. Because this is a challenge to a legal conclusion, our review is de novo. United States v. George, 886 F.3d 31, 39 (1st Cir. 2018).

Ponzo bases his res judicata argument on the fact the ring had previously been subject to a civil forfeiture action in the District of Idaho and that this action was dismissed on March 14, 2017. Ponzo contends, based on Cunan, that a criminal forfeiture action is an identical proceeding for purposes of res judicata and thus that the dismissal of the civil forfeiture action

- 11 -

in the District of Idaho is preclusive of the order of forfeiture of the gold ring in the criminal forfeiture action.

The government rightly responds, however, that the rule in Cunan does not apply here because the dismissal by the District Court in Idaho was without prejudice and a dismissal without prejudice does not carry preclusive effect. Cunan, 156 F.3d at 120 ("[R]es judicata bars a criminal forfeiture following dismissal with prejudice of a prior civil forfeiture proceeding involving the same property."); see García-Goyco v. Law Envtl. Consultants, Inc., 428 F.3d 14, 19 (1st Cir. 2005) (recognizing that dismissal without prejudice does not have a preclusive effect). The order from the District Court of Idaho that dismissed the civil forfeiture action granted the government's motion for voluntary dismissal. And, Rule 41(a)(2) makes clear that a voluntary dismissal is "without prejudice" unless "state[d] otherwise." Fed. R. Civ. P. 41(a)(2).

Ponzo nevertheless contends that the dismissal was with prejudice because the order of dismissal stated that "[the gold ring] be returned to Ponzo[.]" United States v. Real Prop. Located at 6107 Hogg Rd., Marsing, Owyhee Cty., Idaho, No. 1:11-cv-00300-CWD, slip op. at 10 (D. Idaho Mar. 14, 2017). But, read in context, the language by the district court in Idaho that Ponzo seizes upon clearly does not constitute a statement that the dismissal is with prejudice. In moving for a voluntary dismissal pursuant to Rule

- 12 -

41(a)(2), the government expressly requested the dismissal of the civil forfeiture action with respect to the gold ring and other personal property in order "to allow [it] to be available for satisfaction of prior pending legal obligations related to the criminal judgment of the . . . District of Massachusetts."  Motion for Voluntary Dismissal at 1, United States v. Real Prop. Located at 6107 Hogg Rd., Marsing, Owyhee Cty., Idaho, No. 1:11-cv-00300-CWD (D. Idaho Nov. 10, 2016).  The ruling by the district court in Idaho granting that motion then expressly stated that the civil forfeiture action was being dismissed "to allow [the gold ring] to be applied to satisfaction of prior pending legal obligations of Ponzo in the Boston criminal judgment . . . ."  Real Prop. Located at 6107 Hogg Rd., slip op. at 18.  Accordingly, we reject Ponzo's challenge to the order of forfeiture of the gold ring.

## III.

For the foregoing reasons, the judgment below is **affirmed**.