**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 06-1279

UNITED STATES,

Appellee,

v.

DARRELL DOLLIVER,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. John A. Woodcock, Jr., U.S. District Judge]

Before

Boudin, Chief Judge,
Torruella and Lipez, Circuit Judges.

Richard N. Foley on brief for appellant.
F. Mark Terison, Senior Litigation Counsel, and Paula D. Silsby, United States Attorney, on brief for appellee.

July 13, 2007

**Per Curiam**.   After a thorough review of the record and of the parties' submissions, we affirm.

Appellant Darrell Dolliver ("Dolliver") challenges the sufficiency of the evidence supporting his conviction under 18 U.S.C. § 924(c)(1)(A)(i).  His arguments do not acknowledge that he was convicted of possession of a firearm in furtherance of a drug trafficking crime, rather than use of a firearm during and in relation to a drug-trafficking crime, and he does not present any authority suggesting that his behavior here -- the bartering of drugs for firearms -- falls outside the reach of that statute as amended by Congress in 1998.  Cf. United States v. Luke-Sanchez, 483 F.3d 703, 706 (10th Cir. 2007) (holding that trading drugs for guns constitutes possession in furtherance of a drug trafficking crime under subsection 924(c)(1)); United States v. Boyd, 209 Fed. Appx. 285, 290 (4th Cir. 2006) ("We conclude that accepting possession of firearms as payment for crack cocaine is possession in furtherance of a drug trafficking crime."); United States v. Frederick, 406 F.3d 754 (6th Cir. 2005) ("As a matter of logic, a defendant's willingness to accept possession of a gun as consideration for some drugs he wishes to sell *does* promote or facilitate that illegal sale."); United States v. Cox, 324 F.3d 77, 84 n. 2 (2d Cir. 2003) ("For defendants charged under § 924(c) after [the 1998] amendment, trading drugs for guns will probably result in [a conviction for possession in furtherance of a drug

-2-

trafficking crime.]").  Given Dolliver's failure to present any argument in contravention of this growing consensus, we see no reason to set aside his conviction.

Dolliver next contends that the district court failed to consider the factors in 18 U.S.C. § 3553(a) when setting his sentence.  On the contrary, the court stated that it had considered those factors, and in explaining its sentence to Dolliver, it emphasized two of those factors:  the nature of the offenses in question, and the need to protect the public.  See 18 U.S.C. §§ 3553(a)(1) & (b)(2)(C).  The court was not required explicitly to address all of the other factors in subsection 3553(a).  "While the court ordinarily should identify the main factors upon which it relies, its statement need not be either lengthy or detailed." United States v. Turbides-Leonardo, 468 F.3d 34, 40 (1st Cir. 2006), cert. denied, No. 06-9416, 2007 WL 469935 (June 29, 2007) (citing United States v. Navedo-Concepcion, 450 F.3d 54, 58 (1st Cir. 2006)).  Here, the court stated that while it was not accepting the government's recommendation that his sentence be 12 months above the bottom of the range, it was imposing a sentence six months above the bottom of the range in recognition of the fact that Dolliver had pled guilty not only to a firearms offense but to a drug offense as well, and that the drug in question -- heroin -- was one of "the most addictive and hardest drugs known to man." The court's explanation was sufficient.

-3-

Finally, Dolliver argues that in setting his sentence, the court improperly relied upon the information in a psychiatrist's report prepared prior to his guilty plea and bench trial. See Fed. R. Crim. P. 12.2(c)(4). On the contrary, the court rejected the government's suggestion that the court use the admissions in that report. In announcing its sentence, the court was careful to state that while it was clear Dolliver had engaged in drug dealing, "the extent of [the evidence of] that illegal conduct, however, is not compelling," and for this reason, it rejected the government's recommendation of a 96-month sentence.

The court may have relied on the statement in the Pre-Sentence Report ("PSR") that Dolliver had a "30-bag-a-day" heroin habit (a fact from which the court might have inferred that Dolliver sold a substantial amount of drugs in order to support his habit), and it appears this statement was taken by the probation officer from the psychiatrist's report. But, Dolliver told the court at sentencing that it had no objection to the contents of the PSR, so it seems he has waived any challenge to inclusion of this statement in the PSR. See Turbides-Leondardo, 468 F.3d at 38. Even if Dolliver's acquiescence did not constitute a waiver, it certainly amounted to a forfeiture, and we would review only for plain error. See id. We see no plain error requiring reversal. It is far from clear that the district court relied on the statement at sentencing -- it did, after all, acknowledge that the

evidence of the extent of his drug-dealing was "not compelling" -- so Dolliver has not shown that inclusion of the statement in the PSR affected his substantial rights or seriously impaired the fairness of these proceedings.  See <u>United States</u> v. <u>Olano</u>, 507 U.S. 725, 732 (1993).

<u>Affirmed.</u>  <u>See</u> 1st Cir. R. 27.0(c).