**UNITED STATES of America**

v.

**Frank J. JIMENEZ, Petitioner.**

**No. 02–cr–30040–MAP.**

United States District Court,
D. Massachusetts.

Sept. 16, 2009.

Memorandum and Order Denying
Certificate of Appealability
Nov. 6, 2009.

Alex J. Grant, Paul H. Smyth, United States Attorney's Office, Springfield, MA, for Plaintiff.

### MEMORANDUM AND ORDER REGARDING PETITIONER'S MOTION TO VACATE PURSUANT TO 28 U.S.C. § 2255 (Dkt. No. 121)

PONSOR, District Judge.

Following trial, Petitioner was found guilty of multiple firearms counts, including a charge of possessing a firearm in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c). He received a sentence of a total of 170 months, consisting of terms of 110 months on Counts Three, Six and Eight, and a consecutive term of 60 months on the 924(c) charge, Count Five.

On September 2, 2008, Petitioner filed this Motion to Vacate, contending that his § 924(c) on-and-after sentence violated the Supreme Court's decision in *Watson v. United States*, 552 U.S. 74, 128 S.Ct. 579, 169 L.Ed.2d 472 (2007). Counsel appeared for argument on the petition on September 11, 2009, and the court indicated at that time that it would be denying the petition and ordering it dismissed. The court set forth its reasons in detail orally; they may be summarized as follows.

*Watson* may be distinguished for two reasons. First, that case involved a charge of "using" a firearm during and in relation to a drug trafficking crime, whereas the case currently before the court involves a charge of merely possessing a firearm "in furtherance" of such a crime. *See* § 924(c)(1)(A). Justice Souter in *Watson* left open the possibility that receiving a firearm for drugs might constitute "possession" in furtherance of a drug trafficking crime, even if it did not involve "use." *Watson*, 128 S.Ct. at 585–6 (2007).

Although there is no published decision in the First Circuit, the Tenth Circuit has found in these circumstances that an individual receiving a gun in payment for drugs, as Petitioner did here, is possessing the firearm "in furtherance" of a drug trafficking crime as a matter of law. *United States v. Luke–Sanchez*, 483 F.3d 703, 706 (10th Cir.2007). An unpublished decision of the First Circuit speaks approvingly of this basic sentiment. *United States v. Dolliver*, 228 Fed.Appx. 2, 3 (1st Cir.2007).

In addition, the unique circumstances of this case might support even a charge of "using" a firearm. Unlike the transaction in *Watson*, the facts here involved more than a simple swap of drugs and a firearm. The drug purchaser, one Perez, gave Petitioner a firearm, with the understanding that Petitioner would hold the firearm for a period of time as a pawn to insure that the drug purchaser would return shortly with cash. The understanding was that the gun would then be returned to the drug purchaser, and Petitioner would keep the money. This is in fact what occurred. This scenario clearly suggests more than mere possession and might satisfy even the use prong of § 924(c).

Based on the different portion of the statute at issue here, and the different facts, *Watson* is clearly distinguishable, and Petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 (Dkt. No. 121) is hereby DENIED. The clerk is ordered to enter judgment for Respondent; the case may now be closed.[1]

It is So Ordered.

---

1. Petitioner raised a peripheral issue with regard to the court's jury instructions. As the court indicated during oral argument, any error made by the court in transposing the words "use" and "possession" was harmless. Any reference to "use" placed a

*MEMORANDUM AND ORDER RE-GARDING MOTION FOR CERTIF-ICATE OF APPEALABILITY* (Dkt. No. 6)

Petitioner filed his Motion to Vacate following his conviction for multiple firearms counts, including a charge of possessing a firearm in furtherance of drug trafficking crime under 18 U.S.C. § 924(c). Conviction on the latter count required the court to impose a consecutive sentence of 60 months, making Petitioner's term of confinement 170 months.

The Motion to Vacate relied largely upon the Supreme Court's decision in *Watson v. United States,* 552 U.S. 74, 128 S.Ct. 579, 169 L.Ed.2d 472 (2007). As the court indicated in its Memorandum of September 16, 2009 denying this motion (Dkt. No. 3), *Watson* is clearly distinguishable, both with regard to the portion of the statute at issue, and with regard to the underlying facts of the case. The petition, in short, fails to demonstrate any denial of a Constitutional right, and Petitioner has not raised issues that are debatable among jurists of reason, in the sense that some other court could resolve this in a manner different that I did. Unfortunately, for Petitioner, his petition simply does not raise questions which deserve encouragement to proceed further on appeal.

Accordingly, the Motion for Certificate of Appealability (Dkt No. 6) is hereby DENIED. This case has been closed based upon a previous order of this court.

It is So Ordered.

heavier burden on the government than it would otherwise have borne. In any event, the instructions as a whole correctly laid out the elements of the charge.