# United States Court of Appeals
## For the First Circuit

No. 13-2137

UNITED STATES OF AMERICA,

Appellee,

v.

JOSÉ JUAN ARROYO-MALDONADO, a/k/a Colombia,
a/k/a Víctor Dávila-Pérez, a/k/a Jesús Martínez
Alejandro-Quintanilla, a/k/a Antonio Mejías, a/k/a
Confesor Rodríguez, a/k/a Cristóbal Santiago-Colón,
a/k/a Dennis Sánchez, a/k/a Edwin Gutiérrez-Lomardi,
a/k/a Edwin Martínez-Aguayo, a/k/a Edwin Martínez,
a/k/a Héctor González, a/k/a Héctor Santiago, a/k/a
Jesús Martínez-Caballero, a/k/a José Arroyo-Maldonado,
a/k/a José Díaz, a/k/a Juan Arroyo-Maldonado, a/k/a
Juan Maldonado, a/k/a Pedro Ortiz, a/k/a Juan Mojica-Landrau,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO
[Hon. Daniel R. Domínguez, U.S. District Judge]

Before
Torruella, Lynch, and Lipez,
Circuit Judges.

Lydia Lizarríbar-Masini, on brief for appellant.
Nelson Pérez-Sosa, Assistant United States Attorney, Chief,
Appellate Division, and Rosa Emilia Rodríguez-Vélez, United States
Attorney, on brief for appellee.

July 1, 2015

**TORRUELLA, <u>Circuit Judge</u>**.  This case concerns a challenge to the sentence imposed on José Juan Arroyo-Maldonado ("Arroyo-Maldonado") for fraud.  Arroyo-Maldonado challenges the reasonableness of his above Guidelines sentence of one hundred and twenty months of imprisonment.  After careful consideration, we affirm his sentence.

## I.  Background

Because Arroyo-Maldonado pleaded guilty, our discussion of the facts is drawn from the change-of-plea colloquy, the Pre-Sentence Investigation Report ("PSR"), and the transcript of the sentencing hearing.  <u>See</u> <u>United States</u> v. <u>Cintrón-Echautegui</u>, 604 F.3d 1, 2 (1st Cir. 2010).  From August 2010 to May 2011, Arroyo-Maldonado, while incarcerated for other charges, led a scheme to defraud financial institutions.  Arroyo-Maldonado used prepaid cell phones to contact co-defendants outside the Bayamón Penitentiary and instructed them to prepare false checks for deposit at financial institutions in order to fraudulently purchase motor vehicles or fraudulently pay off loan accounts.  After the checks were deposited, Arroyo-Maldonado would have other co-defendants acquire the vehicles at car dealerships or from individuals selling them through newspaper classified advertisements.  Arroyo-Maldonado's actions were in violation of 18 U.S.C. § 1344(1) and (2) and 18 U.S.C. § 1349.

Arroyo-Maldonado pleaded guilty on March 19, 2013, pursuant to a plea agreement. The parties recommended that Arroyo-Maldonado be sentenced at the lower end of the applicable Guidelines Sentencing Range ("GSR") if his criminal history category was IV or higher (it was later calculated to be VI). As part of the agreement, the parties stipulated to the Guidelines calculations. The Guidelines provided that the base offense level, pursuant to U.S.S.G. § 2B1.1(a)(2), was seven. A twelve-point increase was added pursuant to U.S.S.G. § 2B1.1(b)(H) because the stipulated amount of loss attributed to Arroyo-Maldonado was at least $200,000, but less than $400,000; a two-point increase was added under U.S.S.G. § 2B1.1(b)(2)(A) because Arroyo-Maldonado's offense involved ten or more victims; and an additional two-point increase was added because Arroyo-Maldonado was identified as an organizer, leader, manager, or supervisor of a criminal activity, pursuant to U.S.S.G. § 3B1.1(c). Finally, Arroyo-Maldonado received a three-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and (b), which resulted in a total offense level of twenty.

On August 20, 2013, the court sentenced Arroyo-Maldonado to one hundred and twenty months imprisonment, and granted eighteen months credit for time served. The applicable GSR was seventy to eighty-seven months of imprisonment, a fine of $7,500 to $1 million, and a supervised release term of not more than five years.

At the sentencing hearing, a probation officer revealed that Arroyo-Maldonado's criminal history had twenty-five points, which is a criminal history category VI, and the court noted, "[t]his is the first 25 point [white collar] case that I have [had] in my career." The court also explained that "[t]he judge reacts to what is on the record. What I have on the record is a gentleman that has the worst white collar crime history that I have seen in my career. The worst. I have never had anybody who has 25 points on white collar." This timely appeal followed.[1]

## II. __Analysis__

Arroyo-Maldonado alleges that the district court erred in imposing a sentence of one hundred and twenty months, which is above the applicable GSR.

This court's review of sentencing decisions involves evaluation of both procedural and substantive reasonableness. Arroyo-Maldonado contends that the district court committed a significant procedural error by failing to consider the relevant

---

[1] We note that even though Arroyo-Maldonado's plea agreement had a waiver-of-appeal clause, his appeal is properly before us. Here, Arroyo-Maldonado waived his right to appeal to the extent he was subsequently sentenced in accordance with the terms and conditions set forth in the plea agreement. The sentence ultimately imposed was not in accordance with these terms and conditions, which recommended a sentence toward the lower end of the applicable GSR of seventy to eighty-seven months. Thus, as the Government correctly concedes, the waiver-of-appeal does not bar the instant appeal. See United States v. Murphy-Cordero, 715 F.3d 398, 400 (1st Cir. 2013) (holding that a waiver-of-appeal clause only precludes appeals falling within its scope).

sentencing factors and by giving undue weight to the nature and circumstances of the offense. Arroyo-Maldonado also argues that the district court erred procedurally by mistakenly believing that the statute he pleaded guilty to contained a mandatory minimum sentence of one hundred and twenty months. In support of this contention, he highlights a portion of the sentencing hearing where the court stated, "[t]he court has also taken into consideration the plea agreement between the parties; however, it finds that a statutory sentence at the lower end is more adequate considering his criminal history and considering his nefarious white crime incidents." Arroyo-Maldonado avers that 18 U.S.C. §§ 1344 and 1349 contain no mandatory minimum sentence.

As to the alleged substantive errors, Arroyo-Maldonado suggests that the district court's sentence was unreasonable because it gave greater weight to his criminal history and the punitive component of a sentence than to "other factors such as rehabilitation measures." Furthermore, he argues that the district court sentenced him outside of the properly calculated GSR of seventy to eighty-seven months solely based on punitive factors, which makes the sentence substantively unreasonable. He therefore contends that the court failed to abide by its obligation under the Supreme Court's decision in Kimbrough v. United States, 552 U.S. 85, 101 (2007), to impose a sentence that is "sufficient, but not

greater than necessary." Accordingly, Arroyo-Maldonado argues that his sentencing decision must be vacated and remanded.

We review sentencing decisions under the advisory Guidelines for "reasonableness, regardless of whether they fall outside or inside the applicable GSR." United States v. Turbides-Leonardo, 468 F.3d 34, 40 (1st Cir. 2006). Typically, we review sentences imposed under the advisory Guidelines for abuse of discretion. See Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Santiago-Rivera, 744 F.3d 229, 232 (1st Cir. 2014) (citing United States v. Martin, 520 F.3d 87, 92 (1st Cir. 2008)). However, "[w]hen a defendant fails to preserve an objection below, the plain error standard supplants the customary standard of review." United States v. Fernández-Hernández, 652 F.3d 56, 71 (1st Cir. 2011) (quoting United States v. Dávila-González, 595 F.3d 42, 47 (1st Cir. 2010)). "[R]eview for plain error entails four showings: (1) that an error occurred (2) which was clear or obvious and which not only (3) affected the defendant's substantial rights, but also (4) seriously impaired the fairness, integrity, or public reputation of judicial proceedings." United States v. Medina-Villegas, 700 F.3d 580, 583 (1st Cir. 2012) (quoting United States v. Duarte, 246 F.3d 56, 60 (1st Cir. 2001)). For this court to reverse a district court's sentence under this standard, there must be a "reasonable probability that, but for the error, the district court would have imposed a different, more favorable sentence."

Turbides-Leonardo, 468 F.3d at 39 (citing United States v. Antonakopoulos, 399 F.3d 68, 78 (1st Cir. 2005)).

In reviewing sentences imposed under the advisory Guidelines, "[t]he review process is bifurcated: we first determine whether the sentence imposed is procedurally reasonable and then determine whether it is substantively reasonable." United States v. Clogston, 662 F.3d 588, 590 (1st Cir. 2011). Examples of procedural errors identified by the Supreme Court include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range." Gall, 552 U.S. at 51. If procedurally sound, we consider the totality of the circumstances, including the extent of any variance from the Guidelines, to determine whether the sentence is substantively reasonable. See id.

The district court exercises broad discretion in weighing the different sentencing factors and we remain deferential to its sentencing determinations. See United States v. Colón-Rodríguez, 696 F.3d 102, 108 (1st Cir. 2012); see also United States v. Vargas-Dávila, 649 F.3d 129, 131 (1st Cir. 2011) ("The length of an increased sentence is necessarily a judgment call and, within wide limits, deference is due to the trier's on-the-spot perceptions.").

-7-

"[T]here is not a single reasonable sentence but, rather, a range of reasonable sentences." Martin, 520 F.3d at 92. Accordingly, "[w]e generally respect the district court's sentence as long as the court has provided a plausible explanation, and the overall result is defensible." United States v. Innarelli, 524 F.3d 286, 292 (1st Cir. 2008).

18 U.S.C. § 3553 requires a sentencing court to consider a variety of potential sentences and explain in open court the reasons for a particular sentence it imposes. See Medina-Villegas, 700 F.3d at 583. When a sentencing court deviates substantially from the Guidelines, it must provide a more significant justification than for a slight deviation. Martin, 520 F.3d at 91 (citing Gall, 552 U.S. at 50). However, a sentence outside the applicable GSR does not come to the reviewing court with a presumption of unreasonableness. Gall, 552 U.S. at 51. Although required to explain its sentence, "a sentencing court is not required to address frontally every argument advanced by the parties, nor need it dissect every factor made relevant by 18 U.S.C. § 3553 'one by one, in some sort of rote incantation.'" Turbides-Leonardo, 468 F.3d at 40-41 (quoting United States v. Dixon, 449 F.3d 194, 205 (1st Cir. 2006)). Although we review a sentencing court's explanation in open court, "a court's reasoning can [also] often be inferred by comparing what was argued by the parties or contained in the pre-sentence report with what the judge

did." United States v. Jiménez-Beltre, 440 F.3d 514, 519 (1st Cir. 2006). Ultimately, "[t]he court's reasons for deviation should typically be rooted either in the nature and circumstances of the offense or the characteristics of the offender; must add up to a plausible rationale; and must justify a variance of the magnitude in question." Martin, 520 F.3d at 91.

Arroyo-Maldonado's sentence of one hundred and twenty months of imprisonment was neither procedurally flawed nor substantively unreasonable. Because Arroyo-Maldonado did not raise any objections to his sentence below, we review for plain error. Fernández-Hernández, 652 F.3d at 71 (citing Dávila-González, 595 F.3d at 47). The record reveals no procedural errors in the imposition of Arroyo-Maldonado's sentence. First, at the sentencing hearing, the district court correctly calculated the GSR, and acknowledged that the Guidelines were only advisory. The district court also clearly stated on the record that it considered all the sentencing factors set forth in 18 U.S.C. § 3553(a). See Santiago-Rivera, 744 F.3d at 233 (noting that a judge's statement that he has considered all of the § 3553(a) factors is entitled to significant weight). Moreover, the district court explicitly referenced specific § 3553 factors. For example, the district court explained that "in imposing a sentence [it] considered the nature and circumstances of the offense and the defendant's history and characteristics," see 18 U.S.C. § 3553(a)(1), and that it was

"going to order a remedial measure, under Title 18, U.S.C., 3553(a)(2)(D), that he receive mental and psychological evaluation." Lastly, the district court stated that the chosen sentence would be imposed "in order to afford ... deterrence and to provide just punishment of the offense." See id. § 3553(a)(2)(A) & (B). Accordingly, a review of the sentencing hearing reveals that the district court sufficiently considered the § 3553(a) factors. See Dixon, 449 F.3d at 205.

Furthermore, the district court adequately explained its deviation from the GSR. At the sentencing hearing, the district court explained that "[t]he judge reacts to what is on the record. What I have on the record is a gentleman that has the worst white collar crime history that I have seen in my career. The worst. I have never had anybody who has 25 points on white collar." A review of the PSR and the sentencing hearing transcript demonstrates the district court's consideration of Arroyo-Maldonado's criminal history as a significant reason for deviating above the GSR. See Jiménez-Beltre, 440 F.3d at 519 (noting that it is permissible to infer a court's reasoning by comparing the parties' arguments and the PSR to what the judge actually did). Ultimately, the district court's reasoning for deviating above the GSR is clearly based on Arroyo-Maldonado's criminal history. See Martin, 520 F.3d at 91 ("The court's reasons for deviation should typically be rooted either in the nature and

circumstances of the offense or the characteristics of the offender."). Accordingly, the district court's explanation of the sentence it imposed and its reasons for deviating from the applicable GSR was sufficient and did not amount to a procedural error.

Arroyo-Maldonado's claim that the district court mistakenly believed that the statute prescribed a mandatory minimum is not supported by the record. As the Government correctly notes, the district court never made any reference to a mandatory minimum throughout the sentencing hearing, while referencing the statutory maximum sentence of thirty years several times throughout the proceeding. During the hearing, the court stated that "it finds that a statutory sentence at the lower end is more adequate considering his criminal history and considering his nefarious white crime incidents." This statement alone is insufficient to indicate that the district court felt constrained by a mandatory minimum sentence. Furthermore, the record as a whole contains no indication that the district court mistakenly believed that it was bound by a mandatory minimum sentence. Accordingly, the district court's sentencing of Arroyo-Maldonado did not suffer from any procedural flaws. Therefore, we next consider whether the sentence is substantively reasonable. See Gall, 552 U.S. at 51.

In considering the totality of the circumstances, including the extent of the district court's variance from the

Guidelines, the district court's one hundred and twenty month sentence is substantively reasonable and therefore does not constitute plain error. Arroyo-Maldonado's argument that the district court erred substantively by giving greater weight to his criminal history and the punitive component of a sentence than to rehabilitative factors is not supported by this court's precedent. See Clogston, 662 F.3d at 593 ("A sentencing court is under a mandate to consider a myriad of relevant factors, but the weighting of those factors is largely within the court's informed discretion."); see also Martin, 520 F.3d at 92 ("[R]eversal will result if - and only if - the sentencing court's determination falls outside the expansive boundaries of that universe."). The district court was well within its discretion in giving greater weight to Arroyo-Maldonado's criminal history than other factors. Therefore, the district court's weighing of the relevant sentencing factors in a manner that Arroyo-Maldonado does not agree with does not amount to plain error.

Arroyo-Maldonado's suggestion that the district court sentenced him above the applicable GSR based solely on punitive reasons is meritless. Although at the sentencing hearing the court noted, "[p]unitive wise, I raised it," this isolated statement does not indicate that the sole basis for the district court's sentence was for punitive purposes. Indeed, as discussed above, the district court's discussion of the relevant § 3553(a) factors

demonstrates that it considered additional factors such as Arroyo-Maldonado's need for psychological treatment,[2] the deterrence aspect of punishment, and Arroyo-Maldonado's criminal history. Put simply, Arroyo-Maldonado's argument amounts to a disagreement with the district court's weighing of the different sentencing factors, and does not establish plain error in the district court's sentence. See Clogston, 662 F.3d at 593 ("The appellant in effect seeks to substitute his judgment for that of the sentencing court. We cannot countenance such a substitution.").

---

[2] Although not raised by the parties below, we note that any attempt to challenge the sentence on the basis of Tapia v. United States, 131 S. Ct. 2382 (2011), would have been futile. In Tapia, the Supreme Court held that a sentencing court may not impose or lengthen a prison term in order to promote an offender's rehabilitation. Id. at 2391 (finding a district court's sentence improper where the length of the sentence was imposed to ensure that the defendant could complete a 500-hour drug treatment program). The court also noted, however, that "a court commits no error by discussing the opportunities for rehabilitation within prison or the benefits of specific treatment or training programs." Id. at 2392. Expanding on Tapia, this court held that "no Tapia error occurs unless rehabilitative concerns are being relied upon either in deciding whether to incarcerate or in deciding the length of the incarcerative sentence to be imposed. Thus, the mere mention of rehabilitative needs, without any indication that those needs influenced the length of the sentence imposed, is not Tapia error. United States v. Del Valle-Rodríguez, 761 F.3d 171, 175 (1st Cir. 2014). Accordingly, even if it had been raised below, the record reveals that Arroyo-Maldonado's sentence did not suffer from any Tapia error. Though the district court mentioned rehabilitative opportunities in its imposition of Arroyo-Maldonado's one hundred and twenty month sentence, nothing on the record indicates that the length of his sentence was based on the need for rehabilitative measures. Rather, the record makes clear that the district court's sentence was based on Arroyo-Maldonado's extensive criminal history.

The district court's one hundred and twenty month sentence is neither procedurally flawed nor substantively unreasonable. Here, like in Clogston, "[t]his was a defensible result, and the court stated a plausible rationale for reaching it. No more was required." Id.

## III. Conclusion

In determining Arroyo-Maldonado's sentence, the district court considered all sentencing factors, adequately explained its sentence and deviation from the GSR, and imposed a reasonable sentence in the totality of the circumstances. Accordingly, the district court's imposition of a one hundred and twenty month sentence was neither procedurally flawed nor substantively unreasonable. Therefore, the district court's sentence is affirmed.

**AFFIRMED.**