**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 14-2014

UNITED STATES,

Appellee,

v.

CHRISTIAN SANTOS-RIVERA,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]

Before

Torruella, Stahl, and Thompson,
Circuit Judges.

Luis Rafael Rivera and Luis Rafael Rivera Law Offices on brief for appellant.
Rosa Emilia Rodríguez-Vélez, United States Attorney, Nelson Pérez-Sosa, Assistant United States Attorney, Chief, Appellate Division, and Juan Carlos Reyes-Ramos, Assistant United States Attorney, on brief for appellee.

August 16, 2016

**STAHL**, **Circuit Judge**. Christian Santos-Rivera ("Santos") pled guilty to the unlawful possession of a machinegun and now appeals his sentence. We affirm.

## I. Facts & Background

On January 8, 2014, Santos and his wife had an altercation with another female, during which Santos fired several warning shots. The next day, authorities executed a warrant for his arrest and, with Santos' consent, searched a vehicle used in the incident. The search revealed a gun used by Santos, a Glock pistol that had been unlawfully modified so that it could operate as a machinegun, automatically shooting more than one shot, without manual reloading, by a single function of the trigger.

Thereafter, Santos was indicted for possession of a machinegun, in violation of 18 U.S.C. § 922(o), and subsequently pleaded guilty pursuant to a plea agreement wherein the parties recommended a sentence of 24 to 30 months' imprisonment. In the Presentence Investigation Report ("PSR"), the probation officer calculated a Sentencing Guidelines Range ("SGR") of 30 to 37 months. The PSR also recounted Puerto Rico's high firearms and violent crime rate, noted that the offense may be more serious in Puerto Rico than the Sentencing Commission considered in

formulating the guidelines, and pointed out the district court's discretion to vary upward from the SGR on this basis.

At sentencing, the court accepted the PSR's calculations, found that a guidelines sentence would not satisfy the factors in 18 U.S.C. § 3553(a), and sentenced Santos to 48 months' imprisonment. Santos never objected to the PSR and did not raise any objections at his sentencing. He now appeals.

## II. Analysis

We review sentencing decisions for procedural and substantive reasonableness, ordinarily employing a deferential abuse-of-discretion standard. See United States v. Arroyo-Maldonado, 791 F.3d 193, 197 (1st Cir. 2015). Because Santos failed to contemporaneously object in the district court, we review his unpreserved procedural reasonableness claim under the plain-error standard. See id. This "entails four showings: (1) that an error occurred (2) which was clear or obvious and which not only (3) affected the defendant's substantial rights, but also (4) seriously impaired the fairness, integrity, or public reputation of judicial proceedings." Id. (quoting United States v. Medina-Villegas, 700 F.3d 580, 583 (1st Cir. 2012)).

As for his unpreserved substantive reasonableness claim, the standard of review is less certain. See, e.g.,

United States v. Ruiz-Huertas, 792 F.3d 223, 228 (1st Cir.), cert. denied, 136 S. Ct. 258 (2015). We need not resolve this ambiguity today, however, because even if the abuse-of-discretion standard applied, Santos' claim would fail.

## A. Procedural Reasonableness

Santos contends that the district court did not adequately justify its upward variance. Because we find that the district court committed no error, plain or otherwise, this argument fails.

"[T]he incidence of particular crimes in the relevant community appropriately informs and contextualizes the need for deterrence." United States v. Narváez-Soto, 773 F.3d 282, 286 (1st Cir. 2014) (quoting United States v. Flores-Machicote, 706 F.3d 16, 23 (1st Cir. 2013)) (ellipsis omitted). For example, "if a community is relatively free of violent crime, a sentencing judge reasonably may . . . see no need for a heightened level of deterrence." Flores-Machicote, 706 F.3d at 23. "If, however, violent crime is running rampant, the judge reasonably may conclude that the need for deterrence is great-- and this may translate into a stiffer sentence." Id.

At the hearing, the judge clearly considered the § 3553(a) factors. See United States v. Torres-Landrúa, 783

- 4 -

F.3d 58, 68 n.12 (1st Cir. 2015) ("The sentencing judge's statement that he considered all the 18 U.S.C. § 3553(a) sentencing factors 'is entitled to significant weight.'" (quoting United States v. Santiago-Rivera, 744 F.3d 229, 233 (1st Cir. 2014))). And, contrary to what Santos suggests, the judge also gave individualized attention to his case, emphasizing, for example, how Santos not only possessed a machinegun but also fired it during an altercation and so put the lives of others at risk.

Finally, the judge clearly explained the rationale for the upward variance, explicitly noting the significance of the deterrence factor in this case given Puerto Rico's distinct difficulties in curtailing its high incidence of gun-related crimes. See 18 U.S.C. § 3553(a)(2)(B).

Thus, Santos' procedural challenge fails.

### B. Substantive Reasonableness

Santos also argues that his sentence is substantively unreasonable. Again, there is no error to be found and so Santos' argument fails.

"[T]he linchpin of a reasonable sentence is a plausible sentencing rationale and a defensible result." United States v. Martin, 520 F.3d 87, 96 (1st Cir. 2008). "Because we

- 5 -

have already found the district court's sentencing rationale to rest within the range of acceptable discretion, 'we limit our review to the question of whether the sentence, in light of the totality of the circumstances, resides within the expansive universe of reasonable sentences.'" United States v. Pedroza-Orengo, 817 F.3d 829, 837 (1st Cir. 2016) (quoting United States v. King, 741 F.3d 305, 308 (1st Cir. 2014)).

Given the statutory maximum sentence of ten years, see 18 U.S.C. § 924(a)(2), the degree of the upward variance, and the circumstances presented in this case, we find no reason to doubt the substantive reasonableness of the sentence. See Pedroza-Orengo, 817 F.3d at 837; United States v. Vázquez-Martínez, 812 F.3d 18, 26 (1st Cir. 2016); United States v. Pantojas-Cruz, 800 F.3d 54, 62-63 (1st Cir. 2015). On these facts, Santos' substantive challenge would fail even under the more forgiving abuse-of-discretion standard.[1]

---

[1] In something of a parting shot, Santos also suggests that the judge had to depart downward from the guidelines under U.S.S.G. § 5H1.3 because of his supposed "mild mental retardation, issues with poor memory and attention deficit disorder . . . ." Not only did Santos fail to present this argument below, but he also failed to adequately develop the argument in his brief. Consequently, his suggestion goes nowhere. See, e.g., United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).

### III.  Conclusion

Because the district court's sentencing decision is procedurally and substantively reasonable, we AFFIRM.