**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 15-1308

UNITED STATES OF AMERICA,

Appellee,

v.

JOSÉ EDGARDO LÓPEZ-MIRANDA,
a/k/a José Miranda-López, a/k/a El Gordo,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Aida M. Delgado-Colón, U.S. District Judge]

Before

Howard, Chief Judge,
Torruella and Kayatta, Circuit Judges.

James S. Hewes on brief for appellant.
Mariana E. Bauzá Almonte, Assistant United States Attorney,
Chief, Appellate Division, Juan Carlos Reyes-Ramos, Assistant
United States Attorney, and Rosa Emilia Rodríguez-Vélez, United
States Attorney, on brief for appellee.

April 12, 2017

**HOWARD**, **Chief Judge**.  José Edgardo López-Miranda challenges the reasonableness of his 200-month incarcerative sentence for conspiracy to possess cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 846.  After careful consideration, we affirm.

**I.**

López was a member of a Puerto Rican drug-trafficking organization between 2009 and 2010.  In October 2010, a federal grand jury indicted López and thirty-three coconspirators for various crimes arising out of their drug-trafficking activities.  Although López initially avoided apprehension, federal authorities took him into custody in December 2012.  López subsequently pleaded guilty to conspiring to possess cocaine with intent to distribute.

The parties stipulated that López was accountable for at least five but less than fifteen kilograms of cocaine, which established a Sentencing Guidelines Base Offense Level of 32.  See U.S.S.G. § 2D1.1(c)(4) (effective Nov. 1, 2012).  Because López accepted responsibility, the parties agreed that his Total Offense Level was 29.  See U.S.S.G. § 3E1.1.  The plea agreement indicated that a total offense level of 29 corresponded to a sentencing range of 87 to 108 months, although that would have been true only if López were in criminal history category I.  See U.S.S.G. Ch. 5, Pt. A (Sentencing Table) (effective Nov. 1, 2012).  Significantly,

the parties made no stipulation regarding López's criminal history. As the count of conviction carries a mandatory minimum sentence of 120 months, the parties agreed jointly to recommend a sentence of that length. The district court subsequently accepted López's guilty plea.

Prior to sentencing, the probation officer produced a presentence investigation report ("PSR"). The PSR tracked the plea agreement with respect to the Base Offense Level. It differed from the plea agreement, however, by labeling López a career offender. See U.S.S.G. § 4B1.1(a). This increased López's offense level to 37. See id. § 4B1.1(b). After a three-level reduction for acceptance of responsibility, the Total Offense Level was 34. According to the PSR, López's criminal history category was VI. See id. All told, López's Guidelines Sentencing Range was 262-327 months. See U.S.S.G. Ch. 5, Pt. A (Sentencing Table).

López's criminal history includes: a 1995 conviction for felony domestic violence; a 2004 conviction for felony aggravated assault; and 2013 convictions for both child abuse and felony omission in the prevention of a crime. With respect to the last of these, López was found to have placed the body of his then-partner's infant son, sealed in a trash bag, in a freezer after the boy's mother asphyxiated the child.

At the sentencing hearing, López argued that the PSR calculations overrepresented his criminal history and asked to be

sentenced to 120 months' imprisonment, the statutory minimum. Although the sentencing court considered López's violent past a significant aggravating factor, it was sympathetic to the argument that the career offender Guidelines overrepresented his criminal history. After considering the relevant 18 U.S.C. § 3553(a) sentencing factors, the judge imposed an incarcerative sentence of 200 months.

This appeal timely followed.

## II.

On appeal, López argues that his "200 month sentence is unreasonable and greater than necessary to effectuate the [§ 3553(a)] factors." Claims of sentencing error trigger a two-step inquiry: "we first determine whether the sentence imposed is procedurally reasonable and then determine whether it is substantively reasonable." United States v. Clogston, 662 F.3d 588, 590 (1st Cir. 2011). Here, López objects only to the substantive reasonableness of his sentence.

We review the substantive reasonableness of a sentence for abuse of discretion, "taking into account the totality of the circumstances." United States v. Zavala-Martí, 715 F.3d 44, 50 (1st Cir. 2013). Although López did not object below, we will assume arguendo that our review is for abuse of discretion. Cf.

United States v. Nuñez, 840 F.3d 1, 6–7 (1st Cir. 2016) (assuming without deciding that review is for abuse of discretion).

The sentencing court made specific, detailed findings with respect to the relevant § 3553(a) factors and adequately explained its sentence. See United States v. Arroyo-Maldonado, 791 F.3d 193, 201 (1st Cir. 2015). Indeed, as the sentencing transcript makes clear, the judge thoughtfully considered and discussed these factors with both the defendant and his counsel at some length. Thus, López's "argument amounts to a disagreement with the district court's weighing of the different sentencing factors," and we find no abuse of the court's broad discretion. Cf. id. at 200 (finding no plain error when defendant disagreed with the sentencing court's weighing of factors).

Moreover, López's argument that there is an unwarranted disparity between his sentence and the sentences of his co-conspirators does not succeed because López and his co-conspirators are not "identically situated." United States v. Rivera-González, 626 F.3d 639, 648 (1st Cir. 2010). In fact, López and his co-defendants are not so much as similarly situated. They were sentenced by different judges. See id. (stating that there "may be a reason for concern" if two identically situated defendants "receive different sentences from the same judge"). Further, while some of López's co-defendants cooperated with the government, López himself did not, see United States v. Rossignol,

780 F.3d 475, 478 (1st Cir. 2015) (distinguishing between co-defendants who cooperate and those who do not), and López's defense counsel stated at sentencing that he was "pretty sure" López's co-defendants were not career offenders, see Rivera-González, 626 F.3d at 648 (differentiating defendants based on their criminal history).

Under the circumstances, imposition of a 200-month sentence was not substantively unreasonable.[1]


**III.**

We **affirm** the district court's sentence.

---

[1] Although we perceive no basis for disturbing the district court's incarcerative sentence, López does point out some apparent discrepancies between the magistrate-judge's Report and Recommendation on Plea of Guilty and the change-of-plea hearing transcript. Nevertheless, because López makes no claim on appeal that these omissions affected his substantial rights, we need not examine them further. See United States v. Dominguez Benitez, 542 U.S. 74, 76 (2004) ("[W]e hold that a defendant [raising an unpreserved Rule 11 error on appeal] is obliged to show a reasonable probability that, but for the error, he would not have entered the plea."). He has waived any argument that the change-of-plea colloquy was inadequate. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).