# United States Court of Appeals
## For the First Circuit

No. 16-1364

UNITED STATES OF AMERICA,

Appellee,

v.

JOSÉ RAMÓN GONZÁLEZ-RODRÍGUEZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Carmen Consuelo Cerezo, U.S. District Judge]

Before

Howard, Chief Judge,
Selya, Circuit Judge, and
McConnell, District Judge.[*]

Rick Nemcik-Cruz on brief for appellant.
Rosa Emilia Rodríguez-Vélez, U.S. Attorney, Mariana E. Bauzá-Almonte, Assistant U.S. Attorney, Chief, Appellate Division, and Thomas F. Klumper, Assistant U.S. Attorney, on brief for appellee.

June 9, 2017

---

[*] Of the District of Rhode Island, sitting by designation.

**HOWARD**, **Chief Judge**.  José Ramón González-Rodríguez ("González") challenges the reasonableness of his 33-month incarcerative sentence for possession of a machine gun in violation of 18 U.S.C. §§ 922(o) and 924(a)(2).  After careful consideration, we affirm.

**I.**

In August 2015, the Puerto Rico Police Department ("PRPD") executed a search warrant on a residence in Río Grande, Puerto Rico, after receiving two anonymous complaints about an individual (or individuals) with a weapon at the address, and after a PRPD officer drove by and saw an individual with a weapon outside the home.  At the time that the warrant was executed, a PRPD officer arrested González, who was in the home and in possession of a firearm.  The PRPD seized the weapon, a .40 caliber Glock pistol, as well as two 22-round and two 15-round magazines, 52 rounds of ammunition, a Glock back slide cover, a cellular phone, a weight scale, and small bags commonly used for drug distribution.  González admitted to owning the gun, which he claimed that he had bought because "it is fashion[able] in Puerto Rico," and he admitted to knowing that it was capable of firing automatically.  He also admitted to using marijuana between seven and eight times per day and to taking Tramadol -- a narcotic-like pain reliever -- frequently.

González was transferred to federal custody and, ultimately, entered a straight guilty plea to possession of a machine gun.  The Probation Office subsequently determined that U.S.S.G. §2K2.1(a)(4)(B) was the applicable guideline and that -- after applying a three-level reduction for acceptance of responsibility under §3E1.1 -- González's

total offense level was 17.  When combined with González's criminal history category of I, this yielded an advisory guideline sentencing range of 24 to 30 months' imprisonment.  González did not contest the presentence investigation report ("PSR") prepared by the Probation Office.

Prior to his sentencing hearing, González submitted a sentencing memorandum requesting a downward variance to 18 months' imprisonment, whereas the government requested an upward variance to 33 months' imprisonment.  The district court sentenced González according to the government's recommendation.  The court explained that González's "conduct [flouted] the law and . . . represent[ed] a risk to the community."  Therefore, the court concluded, the variant sentence was "sufficient but not greater than necessary to meet [the] objectives of punishment and of deterrence in this case."

This timely appeal followed.

## II.

Claims of sentencing error such as González's trigger a two-step inquiry: "we [must] first determine whether the sentence imposed is procedurally reasonable and then determine whether it is substantively reasonable."  United States v. Clogston, 662 F.3d 588, 590 (1st Cir. 2011).  As González argues that his 33-month sentence is both procedurally and substantively unreasonable, we take up his arguments in turn.[1]

_____

[1] González attempts to expand the record on appeal by appending several photographs and a Department of Homeland Security Report of

## A. Procedural Reasonableness

When evaluating the procedural reasonableness of a sentence, "we afford de novo review to the sentencing court's interpretation and application of the sentencing guidelines, assay the court's factfinding for clear error, and evaluate its judgment calls for abuse of discretion." United States v. Ruiz-Huertas, 792 F.3d 223, 226 (1st Cir.), cert. denied, 136 S. Ct. 258 (2015). However, we review any unpreserved procedural reasonableness challenge for plain error only. United States v. Duarte, 246 F.3d 56, 60 (1st Cir. 2001). And González preserved none of his claims for appeal. To prevail under the plain error standard, González must show "(1) that an error occurred (2) which was clear or obvious and which not only (3) affected [his] substantial rights, but also (4) seriously impaired the fairness, integrity, or public reputation of judicial proceedings." Id.

González first argues that the district court "mistakenly exaggerated [his] use of controlled substances." He concedes that he regularly used marijuana prior to his arrest but asserts that there is "no evidence in the record that [he] ever used Tramadol." Yet, according to the "Substance Abuse" section of the PSR, González himself reported taking Tramadol. "Generally, a PSR bears sufficient indicia of reliability to permit the district court to rely on it at sentencing." United States v. Cyr, 337 F.3d 96, 100 (1st Cir. 2003) (quoting United

---

Investigation to his brief. This evidence was not presented to the district court and is not properly part of the record on appeal. See Fed. R. App. P. 10(a). Thus, we disregard it. See United States v. Gonsalves, 735 F.2d 638, 641 (1st Cir. 1984).

- 4 -

States v. Taylor, 277 F.3d 721, 724 (5th Cir. 2001)). González was free to challenge any assertions in the PSR. See id. As he did not, the district court was entitled to draw upon the facts within it, including those about González's Tramadol use. See Fed. R. Crim. P. 32(i)(3)(A); see also United States v. Green, 175 F.3d 822, 838 (10th Cir. 1999) ("Failure to object to a fact in a presentence report . . . acts as an admission of fact." (quoting United States v. Windle, 74 F.3d 997, 1001 (10th Cir. 1996)). We spy no error, plain or otherwise.

Next, González makes a series of arguments -- raised for the first time on appeal -- that the government "misled the District Court at the sentencing hearing" and in its sentencing memorandum by making statements contrary to the evidence or without evidentiary support, thereby inducing the district court's reliance on erroneous facts. Arguments raised for the first time on appeal are either forfeited or waived. See United States v. Aguasvivas-Castillo, 668 F.3d 7, 13–14 (1st Cir. 2012). However, even if we assume that González is entitled to plain error review, he nonetheless fails to meet the criteria for relief.

González claims that the government did not adequately support its assertion that his machine gun posed a risk to "anybody that would have been around" him. He argues that, in most states, "ownership and possession of certain machine guns is legal under both state and Federal law" and, hence, "not . . . inordinately dangerous." The undisputed fact that machine gun ownership is legal in some narrow instances does not, however, lead inexorably to the conclusion that a machine gun was not "inordinately dangerous" in González's hands. See

- 5 -

18 U.S.C. § 922(o). To the contrary, González admits to being a habitual drug user, a fact the sentencing court repeatedly noted, and there is a clear "nexus between Congress's attempt[s] to keep firearms away from habitual drug abusers and its goal of reducing violent crime." United States v. Yancey, 621 F.3d 681, 686 (7th Cir. 2010) (per curiam). This claim thus fails at the first step of plain error review.

González derides as "patently untrue" the government's argument that machine guns like his are not used for personal protection.[2] We are unmoved. The extent to which the district court might have relied on this argument, if at all, is unclear. Yet, even if the court relied upon it, we have previously upheld a sentence where the sentencing judge explained, "You cannot argue that this [Glock pistol modified to shoot automatically] can be used for personal defense . . . it is not a regular weapon, it's a machine gun." United States v. Cruz-Vázquez, 841 F.3d 546, 548 (1st Cir. 2016) (decided on other grounds). Under these circumstances, there was no plain error.

González argues that the government made a "grotesque exaggeration" when it claimed that automatic weapons fire "tons of ammunition." This may have been an unnecessary rhetorical flourish, but it hardly went beyond the pale. González was, after all, in possession of two extended magazines that were taped together to facilitate faster

---

[2] The record contains contradictory statements as to whether González ever claimed to use his Glock for personal protection. On the one hand, the PSR states that González "denied possessing [the Glock] for protection" and bought it because to do so was fashionable. On the other hand, the government stated at the sentencing hearing that González claimed to have "this weapon for his protection." González did not object in either instance. The resulting ambiguity further buttresses our conclusion that there was no plain error here.

loading of the Glock. González relatedly claims that the government misleadingly implied that he possessed an "unusually large" amount of ammunition. We find no inappropriate insinuation in either the government's sentencing memorandum or in the transcript of the sentencing hearing. In fact, both the government and the district court specifically stated that there were "54 rounds" of ammunition.[3] Although this overstates the amount of ammunition in González's possession by two rounds, González's argument misses the mark. Here again, we find no plain error.

Moving on, González claims that the "'elephant' in the room at the sentencing hearing . . . was the prosecution's argument that [González] was involved in uncharged criminal activity," namely, drug distribution (footnote omitted). In both its sentencing memorandum and at the sentencing hearing, the government asked the district court to impose a sentence of 33 months, and it was free to offer reasons supporting its recommendation -- namely, that González could be "link[ed] to other . . . criminal activity as well." See 18 U.S.C. § 3661. González describes the government's argument as "unsupported by evidence in the record." But our review of the record reveals González's characterization to be false. The uncontested PSR states that one anonymous complainant reported to the PRPD that an individual was carrying "illegal firearms to protect a drug sale point." The PSR also states that PRPD officers found a digital scale and small plastic bags

_____

[3] The government concedes in its appellate brief that the court and the government mistakenly noted 54 rounds of ammunition. Only 52 rounds were actually seized.

"commonly used for drug distribution" in the home.[4]  Further, despite being unemployed, González admitted to consuming roughly $70 worth of marijuana every three days.  Cf. United States v. Dolliver, 228 F. App'x 2, 4 (1st Cir. 2007) (per curiam) ("[Defendant] had a '30-bag-a-day' heroin habit (a fact from which the court might have inferred that [Defendant] sold a substantial amount of drugs in order to support his habit). . . .").

González does attempt to offer facially plausible alternative explanations for these unfavorable facts: for example, plastic "baggies . . . have multiple kitchen uses, including . . . the legal transportation of lunch sandwiches," and "the scale was his mother's and she used it to make 'dumplings.'"  Yet, "[i]f the facts plausibly support competing inferences, as here, a sentencing court cannot clearly err in choosing one."  United States v. Olivero, 552 F.3d 34, 39-40 (1st Cir. 2009) (citing United States v. Prochner, 417 F.3d 54, 66 n.9 (1st Cir. 2005)).  Additionally, it is far from apparent that the district court relied on the government's statements on this issue at sentencing.  González concedes as much in his appellate brief when he says that the district court "might have relied on circumstantial evidence in the record to support a finding of uncharged criminal conduct" (emphasis added).  We again find no plain error.

---

[4] On appeal, González disputes that these items constitute "drug paraphernalia," but -- under the circumstances -- we disagree.  See, e.g., United States v. DesMarais, 938 F.2d 347, 352 (1st Cir. 1991) (finding an inference of intent to distribute in "the presence of drug paraphernalia, including a . . . scale [and] plastic baggies").

In his final claim of procedural error, González characterizes the district court's "explanation of the above-guidelines sentence as short and simple" and, therefore, inadequate. To be sure, a district court has the burden of explaining deviations from the guideline range. See United States v. Martin, 520 F.3d 87, 91 (1st Cir. 2008). Even if we accept arguendo that González's premise is sound, however, we cannot agree with the conclusion he asks us to reach. González did not raise his objection below, and "we have held that a district court's failure to provide an adequate explanation of a sentence, without more, is not sufficient to constitute plain error." United States v. Cortés-Medina, 819 F.3d 566, 571 (1st Cir.), cert. denied, 137 S. Ct. 410 (2016). "Here, there is no 'more.'" Id. González has given us no reason to believe that the district court would have handed down a milder sentence if only there had been more robust compliance with 18 U.S.C. § 3553(c).

In sum, we do not find González's sentence procedurally unreasonable.

**B. Substantive Reasonableness**

With respect to substantive reasonableness, we usually review for abuse of discretion, taking into account the totality of the circumstances. United States v. Zavala-Martí, 715 F.3d 44, 50 (1st Cir. 2013). Although González did not preserve his substantive unreasonableness claim below, we assume -- favorably to him -- that our standard of review remains the same. Cf. United States v. Nuñez, 840 F.3d 1, 7 (1st Cir. 2016) (noting that there is some question as to

whether we review an unpreserved claim of substantive unreasonableness for plain error or abuse of discretion).

González argues that his above-guideline sentence is substantively unreasonable.  Yet, a sentence falling outside the applicable Guidelines sentencing range "does not come to the reviewing court with a presumption of unreasonableness." United States v. Arroyo-Maldonado, 791 F.3d 193, 198 (1st Cir. 2015).  As we have said before, "[a] sentence will stand so long as there is 'a plausible sentencing rationale and a defensible result.'" United States v. Reyes-Rivera, 812 F.3d 79, 89 (1st Cir. 2016) (quoting Martin, 520 F.3d at 96).  In the instant case, we find both.

The record shows that the district court considered the 18 U.S.C. § 3553(a) factors and adequately explained its sentence.  See Arroyo-Maldonado, 791 F.3d at 201.  Indeed, beyond merely stating that it had "considered all factors set forth in 18 [U.S.C. §] 3553(a)," the court thoughtfully identified and engaged with both mitigating and aggravating factors at the sentencing hearing.  Weighing of those factors is left largely within a sentencing court's discretion, and González's sentence is not substantively unreasonable simply because that court "chose not to attach to certain of the mitigating factors the significance that [González] thinks they deserved." Clogston, 662 F.3d at 593.  "The district court had plenty of reason to sentence as it did." Reyes-Rivera, 812 F.3d at 89.  In particular, the court emphasized punishment and deterrence.  We have repeatedly recognized that deterrence is an important factor in the sentencing calculus.  United States v. Díaz-Arroyo, 797 F.3d 125, 129 (1st Cir. 2015).  And we flatly reject

- 10 -

González's implied argument that the Glock did not pose "a real . . . danger to [González's] family members or the rest of his community" and, thus, that deterrence was unnecessary. See generally United States v. Flores-Machicote, 706 F.3d 16, 22–23 (1st Cir. 2013) (discussing relationship between deterrence and trends in gun violence in Puerto Rico).

We find no abuse of the court's broad discretion. Under the circumstances, imposition of a 33-month sentence was not substantively unreasonable. Cf. Clogston, 662 F.3d at 592 ("There is no one reasonable sentence in any given case but, rather, a universe of reasonable sentencing outcomes.").

## III.

For the forgoing reasons, we **affirm**.