# United States Court of Appeals
## For the First Circuit

No. 16-1666

UNITED STATES OF AMERICA,

Appellee,

v.

HERMINIO CONCEPCIÓN-MONTIJO,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]

Before

Howard, Chief Judge,
Torruella and Lynch, Circuit Judges

Liza L. Rosado-Rodríguez, Research and Writing Specialist, Eric Alexander Vos, Federal Public Defender, and Vivianne M. Marrero, Assistant Federal Public Defender, Supervisor, Appeals Section, on brief for appellant.

Mainon A. Schwartz, Assistant United States Attorney, Rosa Emilia Rodríguez-Vélez, United States Attorney, and Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief, Appellate Division, on brief for appellee.

November 13, 2017

**PER CURIAM**.  Herminio Concepción-Montijo pled guilty to a single count of being a felon in possession of a firearm.  See 18 U.S.C. § 922(g)(1).  The district court sentenced Concepción to a 120-month statutory maximum term of imprisonment.  On appeal, Concepción argues first that the court committed procedural error by improperly calculating the applicable guideline sentencing range ("GSR"), and second that his sentence is substantively unreasonable because the court undervalued Concepción's personal circumstances.

Turning first to his claim of procedural error, Concepción argues that the district court improperly relied on unauthenticated documents to apply a career-offender enhancement based on a previous conviction for residential burglary in Illinois.[1]  However, in adopting the probation officer's recommended 120-month sentence -- an upward variance from the top end of the GSR -- the district court explained:

> The probation officer has indicated that, whether or not his offense level were 13 and his Criminal History Category [were] IV, as argued by Mr. Concepcion, he would recommend this sentence, and the Court agrees.

---

[1] In the district court, rather than paying the fees that Cook County, Illinois, charged for printing official court documents, the government instead introduced a letter from the relevant federal probation office, a police report, and a court docket printout, to establish Concepción's residential burglary conviction.

The district court further justified its variance based on "Concepción's extensive criminal history of drug possession and trafficking and weapons possession includ[ing] charges in the States of Illinois, New Jersey, New Mexico, as well as in Puerto Rico."

As the court's words make plain, it focused not on Concepción's Illinois residential burglary conviction to justify its variant sentence, but rather on his numerically and geographically expansive record of drug and weapons charges. It thus concluded that it would have imposed the same sentence regardless of the applicable offense level and criminal history category. Accordingly, any error in the calculation of Concepción's GSR was harmless. See United States v. Magee, 834 F.3d 30, 38 (1st Cir. 2016).

Turning next to Concepción's claim of substantive error, we first note that "[a]lthough an appellate court must take into account the full extent of any variance, the dispositive question remains whether the sentence is reasonable in light of the totality of the circumstances." United States v. Santiago-Rivera, 744 F.3d 229, 234 (1st Cir. 2014) (citation omitted). "[T]he lynchpin of a reasonable sentence is a plausible sentencing rationale and a defensible result." Id. (quoting United States v. Martin, 520 F.3d 87, 96 (1st Cir. 2008)). Moreover, a court is "well within its discretion in giving greater weight to [a defendant's] criminal

history than other factors." United States v. Arroyo-Maldonado, 791 F.3d 193, 200 (1st Cir. 2015).

Here, the court stated that it considered "the section 3553(a) factors, the elements of the offense, Mr. Concepcion's participation in it, the need to promote respect for the law and protect the public from further crimes by Mr. Concepcion, as well as the issues of deterrence and punishment." It further explained that it believed that Concepción's "criminal history category, [which the probation officer had calculated as] the highest possible, substantially under-represents the seriousness of his criminal history or the likelihood that he will commit other crimes in the future." See United States v. Flores-Machicote, 706 F.3d 16, 21 (1st Cir. 2013) (justifying an upward variance where the sentencing court concluded "that an asymmetry exists which results in a substantial underestimation of the defendant's criminal history"); United States v. Politano, 522 F.3d 69, 74–75 (1st Cir. 2008) (justifying an upward variance where the sentencing court concluded that a defendant's "likelihood of recidivism was underestimated in the Guidelines").

In concluding that the statutory maximum sentence was justified because this incident -- the attempted sale of a stolen .22 caliber rifle -- was just the latest in a pattern of serious crimes, the district court offered a plausible rationale for its variance grounded in both "the nature and circumstances of the

offense" and the "characteristics of the offender."  See <u>Santiago-Rivera</u>, 744 F.3d at 234 (quoting <u>Martin</u>, 520 F.3d at 91).  We therefore find no abuse of the district court's broad sentencing discretion in this case.

    For the foregoing reasons, we **<u>AFFIRM</u>**.